Opinion of the Court.
ON the 21st of September, 1819, Clarissa Thomas executed to herself and Edward Thomas the following note:
“ Twelve months after date, I promise to pay Clarissa and Edward Thomas, the administrators of Nathan G. Thomas, dec’d. the full and just sum of five hundred and fifty dollars in lawful money, it being for value received, as witness my hand and seal this 21st of September, 1819.
CLARISSA THOMAS. [Ú s.]”
*9 To recover the amount of the note tills suit was brought against Clarissa Thomas in the name of Clarissa and Edward Thomas, for the' use and benefit of Zc-rah Tousey.
Various questions were made in the court below, and decided against the defendant in that court. Among others, the attorney for lvcr and Edward Thomas, in whose name the suit was prosecuted, introduced evidence and proved, that Tousey, for whose benefit the-suit was brought, obtained the note from Philip Thomas to whom it h"ad been delivered through mistake by Ed ward Thomas; that Edward Thomas had never received any value tor the note, and when he banded it .to Philip Thomas it was thought by him that be bad delivered a different note of five dollars and fifty cents, and moved the court to dismiss the suit; but it being proved by the attorney who brought the suit, that it was prosecuted for the benefit of Tousey, the court overruled the motion and refused to dismiss the suit.
We are of opinion the suit ought to have been dismissed. There may be cases where it might be improper fo permit those-in whose names a suit is prosecuted to dismiss it;' as for example, where the suit is brought for the benefit of another'and the person claiming the beneficial interest is proved to have the equitable right, the court before which the suit is pending should not, in the exercise of its discretionary powers over litigants, permit the nominal plaintiff to’ defeat a recovery. But the present is not a case of that character. The proofis satisfactory that Philip Thomas, from whom Tousey obtained the note, never had any right to the note, and consequently could pass no right cither legal or equitable to Tousey. Besides, the record exhibits the strange and ridiculous history of a suit brought in the name of a person against herself upon a note given by her to herself.
Under such circumstances, we have no hesitation in pronouncing that the suit ought to have been dismissed. The judgment must be reversed and the cause remanded and the suit dismissed.