## Case No. 10,829a.

### PATTERSON v. PHILLIPS.

[Hempst. 69.] [1]

Superior Court, D. Arkansas. April. 1829.

EXECUTORS AND ADMINISTRATORS—DUTY TO BOARD AND CLOTHE INFANT HEIRS—ALLOWANCE—LIMITATIONS—JUDGMENT AGAINST ESTATE—WRIT OF ERROR BY HEIR.

1. An heir is entitled to prosecute a writ of error to reverse a judgment rendered by the circuit court against an estate, in favor of the executor.

2. It is no part of the duty of an executor or administrator to board and clothe infant heirs, and he can have no allowance for it in his administration accounts.

3. Notice must be given to heirs where their interests are to be affected by a proceeding.

4. Where the statute of limitations does not apply, lapse of time affords a presumption against the justice of a claim, entitled to weight by a court or jury.

[1] [Reported by Samuel H. Hempstead, Esq.]

Error to the Phillips circuit court; determined before Benjamin Johnson and Thomas P. Eskridge, Judges.

In equity.

OPINION OF THE COURT. Sylvanus Phillips, executor of William Patterson, deceased, and defendant in error, presented an account against the estate of William Patterson, at the December term, 1825, of the circuit court of Phillips county, and obtained a judgment for seven hundred and fifty dollars. John Patterson, one of the heirs, and plaintiff in error, appeared and opposed the allowance of the account, and having failed in the court below, has brought this case up on a writ of error. A preliminary question has been made and argued, which it is first necessary to notice. The defendant, by his counsel, insists that a writ of error will not lie in the present case. In ordinary cases it is admitted that a writ of error lies from the circuit courts to this court, but it is contended that the proceeding was had under the thirtieth section of the administration law of 1825; and that by the provisions of that section an appeal is the only mode of bringing the case to this court. It is a sufficient answer to this objection, that the present case does not come under the provisions of that section. The provision is, "that if any person having any claim or demand against the estate of any deceased person, shall apply to the circuit court where administration was granted, to have the same allowed, first giving the executor or administrator ten days previous notice in writing."

The mode of proceeding is then pointed out, and a further provision made, that if either party feels aggrieved by the decision, he may appeal to the superior court, where the trial is to be had de novo upon the merits.

It is very obvious that the present case does not come within the provisions of this section. It provides a remedy for the creditor of the estate, other than the executor himself, who, as the representative of the estate, is to defend the claim. The creditor is to be one party and the executor the other. If Phillips is permitted to exhibit the claim, who is to oppose or defend it? Is he permitted to present it in his individual character, and to defend it in his fiduciary capacity? Allen v. Gray. 1 T. B. Mon. 98. If this could be tolerated he has not done so; for he has presented the account as executor, and not in his personal character, or as guardian of the infant heirs. 3 Litt. 8. It is needless to attempt to illustrate that which is so obvious. If the preceding observations be correct, it follows that the plaintiff is entitled to a writ of error in this, as in ordinary cases.

The first error assigned questions the propriety of allowing any part of the account against the estate of William Patterson. The claim presented by Phillips did not, in our judgment, constitute a proper subject of allowance against Patterson's estate. It was

not a debt created by Patterson, nor was it due from or owing by him; it was, in truth, a claim, not against the estate, but against the heirs of Patterson in their individual character. It was no part of the duty of Phillips, as executor, to board and clothe the infant heirs, and he could have no allowance therefor in his administration accounts. Toller, Ex'rs, 134; Brewster v. Brewster, 8 Mass. 131; Hart v. Hart, 2 Bibb, 609; Washburn v. Phillips, 5 Smedes & M. 600. It is contended that Phillips was constituted guardian by the will, and maintained and educated the infant heirs of Patterson. He is undoubtedly entitled to remuneration; but in presenting his accounts against those heirs, the defendant, as guardian, should have made it out against them severally and not jointly. It would be manifestly unjust to charge one heir with necessaries furnished to another, and by presenting a joint account this would be the inevitable consequence.

In the present case the heirs had attained to full age, and they were entitled to notice of any thing by which their interest was to be affected. No such notice appears to have been given, and one only of the heirs appeared and opposed the proceedings. We do not think the statute of limitations applicable to this case as a positive bar, as the defendant stands in the attitude of a trustee; but the great lapse of time affords a presumption against the justice of the claim, which is entitled to due weight in the consideration of a court or jury.

Judgment reversed.