## LANIER vs. HILL.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT OF SALE.]

1. *Amendment of bill.*—An amendment of the bill is neither necessary nor proper to traverse defensive averments brought forward by the answer.
2. *Conclusiveness of judicial decisions.*—Where a deposition is commented on by the supreme court, and partly made the basis of its opinion, a motion to suppress it, on the ground of irrelevancy, cannot be made after the remandment of the cause.
3. *Taking new testimony after final hearing.*—After the final hearing of a cause, and the reversal of the chancellor's decree on error, leave to take additional testimony, to contradict the answer, should not be granted to the complainant, because he was informed by his solicitor that such proof was unnecessary.
4. *Dismissal of bill without prejudice.*—After the reversal on error of the chancellor's decree, dismissing the bill on final hearing, and the remandment of the cause, the chancellor may refuse to dismiss the bill, on motion, without prejudice.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellants, to obtain the rescission of a contract for the sale of certain lands, and an injunction against a judgment at law on the notes for the purchase-money. The chancellor dismissed the bill, on final hearing; but his decree was reversed on error, and the cause remanded.—See 25 Ala. 554. After the remandment of the cause, the complainant asked leave to amend his bill, so as to negative the facts set up by Culberson, in his answer to the original bill, as to the circumstances under which he acquired the ownership of the note which was the foundation of the judgment at law; but the chancellor held the amendment unnecessary, and therefore refused to allow it. The complainant further asked leave to take additional testimony, for the purpose of contradicting Culberson's answer; alleging, as his excuse for not having taken such proof on the former hearing, that his counsel informed him that it was unnecessary, in consequence of the refusal of the chancellor to dissolve the injunction on Culberson's answer, and to dismiss the

bill for want of equity. The chancellor held the excuse insufficient, and refused to grant the motion. The complainants also moved to suppress certain portions of the deposition of one Rossen, on the ground of irrelevancy; but the chancellor overruled the motion, on the ground that it came too late. The complainant Lanier also moved to dismiss the bill without prejudice; which motion was resisted by his co-complainant and the defendants, and overruled by the court. These rulings of the chancellor are the matters now assigned as error.

JAS. E. BELSER, and D. CLOPTON, for appellants.

GEO. W. GUNN, contra.

WALKER, J.—The opinion previously pronounced in this case, (25 Ala. 554,) which is the law of the case, covers every question now presented, except the motions to amend the bill, to take testimony, to suppress the deposition of Rossen, and to dismiss the bill without prejudice, which were made in the court below after the remandment of the cause.

1. The matter proposed as an amendment to the bill merely involved a negation of defensive averments brought forward in the answer. Consequently, it was neither necessary nor proper to amend the bill by the proposed addition to it. It is when something in avoidance of an answer—something which belongs to a replication, and not to a traverse,—is to be proved, that it must be averred in the bill. We concur with the chancellor, that for this reason, if no other, the amendment ought not to have been made. As the chief-justice does not sit in this case, we forbear to decide the question, whether the court below should allow any amendment after a judgment in this court, reversing the decree of the chancellor, and remanding the cause "that a decree may be rendered in conformity with" its opinion.

2. The testimony of Rossen was read in evidence on the first hearing of this cause. The chancellor properly refused to suppress it, because it was not obnoxious to the objection of irrelevancy, as this court determined, in effect,

by commenting on it, and basing the opinion in part upon it.

3. The motion to take testimony was properly overruled. The reason set forth in the affidavit was not sufficient to authorize the taking of other testimony after the cause had been heard, and tried in this court on appeal, and remanded for a decree in pursuance of the opinion of this court. Whether the parties should be allowed, under any circumstances, after such a judgment as was rendered in this court, to take other testimony, is an important question of practice, which, for the reason already indicated, we forbear to decide.

4. That the motion to dismiss the bill was properly overruled, under the circumstances stated in the record, is shown by the following authorities : Howard v. Bugbee, 25 Ala. 548; Muldrow & Bruce v. Dubose, 2 Hill's Ch. 375; Innes v. Lansing, 7 Paige, 583; Thomas v. Thomas, 3 Litt. 9; Rumbly v. Stainton and Wife, 24 Ala. 712.

The decree of the chancellor is affirmed.

RICE, C. J., not sitting.