[Brown Co. *et al.* v. Henderson *et als.*]

# Brown Co. *et al. v.* Henderson *et als.*

*Bill in Equity to -set aside Alleged Fraudulent Conveyance.*

1.  *Creditor's bill to set aside fraudulent conveyance; when debtor necessary party.*—A general creditor's bill was filed in a court of chancery by creditors of a common debtor, in behalf of the complainant and other creditors who might come in and make themselves parties to the suit, against the common debtor and one H., who was alleged to have acquired possession of the debtor's property under and through a fraudulent and collusive attachment.. The purpose of the bill was to subject the property ·in the hands of H. to the payment of the debts of the complainants and the other creditors, and to hold H. accountable for the value thereof, as trustee *in invitum.* In this case a decree was rendered against H. and execution was issued which was returned "no property." Thereupon the complainants for themselves and other creditors filed another bill against the common debtor and H. and the wife of H., in which it was ·averred that H. had fraudulently conveyed certain property to his wife; and the prayer of the bill ·was for a reference to the register to ascertain the several amounts due the complainants, respectively, that a decree be rendered that they recover such amounts against the debtor, and that the land fraudu·ently conveyed by H. to his wife be subjected to the payment of such debts. It did not appear by the bill affirmatively that the debts of the complainants against the common debtor were ascertained and decreed in the former suit. *Held:* That, since in the second suit the establishment of the debt to the complainants was a necessary predicate to the granting of the relief sought against H. and his wife, the common debtor was a necessary party to such suit, and that making him a party defendant to the second bill did not render is demurrable.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellants against the appellees. The facts averred in the bill, and the pur-

poses for which the bill was filed, are sufficiently stated in the opinion. The defendants, J. M. Henderson and Maggie C. Henderson demurred to the bill on the ground that J. C. McKenzie was not a material party to the suit; and was, therefore, improperly joined therein as a party defendant. The court sustained this demurrer and ordered the bill dismissed. From this decree the present appeal is prosecuted, and the rendition thereof is assigned as error.

GUNTER & GUNTER, for appellants.—The common debtor of the complainants and the defendant Henderson were necessary parties to the suit. We take it as plain law, that all persons interested in the issues to be tried, and particularly the debtor whose debt is alleged to exist and is sought to be satisfied, are material and necessary parties to the cause.—1 Daniel Chan. Prac. (6th ed.), 190, 191 and note. In this case it does not appear, nor is it a fact, that McKenzie's liabilities were settled in the prior suit. McKenzie, whose debts are still unascertained, or, if they had been at a prior date ascertained are still unpaid or alleged to be unpaid, is a material and necessary party to the proceeding to have them ascertained and paid. But independently of all that has been said, the bill in this case was not, in strictness, an original bill, but a bill to enforce a decree already made, and thus a supplemental or ancillary bill, which may be filed in the same court.— 3 Encyc. of Plead. & Prac. 601; *Shields v. Thomas,* 18 How. 252; *Root v. Woolworth,* 150 U. S. 410; *Thompson v. Maxwell,* 95 U. S. 391; Story's Eq. Plead., § § 335, 338, 339, 429.

FOSTER, SAMFORD & CARROLL, *contra.*—The common debtor in this case, J. C. McKenzie, was not a material or necessary party to the suit; and, therefore, the court properly sustained the demurrer interposed.

A material party has been defined by the court to mean a necessary party, as distinguished from a proper party. So that unless the bill is filed in the county of a defendant, without whom the case could not proceed, it must be filed in the county where the real estate, the subject

matter of the suit, is situated.—*Gay v. Brierfield,* 106
Ala. 615; *Harwell v. Lehman,* 72 Ala. 344.

The rule is stated by high authority as follows: That
if the debt is against several parties, and the fraudulent
conveyance is made by one of them alone, the other
debtors are not necessary parties.—Bump on Fraudulent
Conveyances, § 556; *Freeman v. Pullen,* 119 Ala. 235;
*v. Meyer,* 54 N. Y. 123; *Randolph v. Daley,* 16 N. J. Eq.
313; *Union Nat. Bank v. Warner,* 19 N. Y. Supp. 306.

McCLELLAN, C. J.—The J. B. Brown Co. and others,
creditors of J. C. McKenzie, filed a bill in behalf of them-
selves and of all other creditors of McKenzie who should
come in and make themselves parties, against J. C. Mc-
Kenzie, the debtor, and J. M. Henderson, who was
alleged to have taken McKenzie's property under and
through a fraudulent and collusive attachment, and
sought to subject the property in the hands of Hender-
sent to the payment of their debts and the debts of other
creditors, or to hold him accountable for the value there-
of as trustee *in invitum.* In that case a decree was ren-
dered against Henderson for about eleven thousand dol-
lars, and upon it an execution issued against Henderson,
which was returned "No property." Thereupon the
present bill was filed by the complainants in the former
bill and in said decree, against McKenzie, J. M. Hen-
derson and Maggie C. Henderson, the wife of J. M. Like
the former bill, this one is filed by creditors of McKenzie
"for themselves and all other creditors of J. C. McKen-
zie" entitled to the benefit of the decree against J. M.
Henderson. It charges that Henderson has fraudulent-
ly conveyed certain property to his wife, said Maggie C.,
and its prayer for relief is as follows: "That it may be
referred to the register to ascertain and report the sev-
eral amounts due to your orators severally; and that a
decree be rendered that they recover the same against J.
C. McKenzie, that it may be decreed that the said lot
above described be subjected to the payment of orator's
said debt, or, if not, that the said lot be charged for their
benefit to the amount and extent of the assets of the said
J. M. Henderson expended in the purchase and improve-
ment of the same, and that the said Maggie C. Hender-

40

son be charged with the value of the use and occupation or rent of said lot since it was purchased and went into her possession; and that said J. M. Henderson be decreed liable for all the assets of said J. C. McKenzie converted by him through the instrumentality of said attachment suit, and through his liability that the said house and lot be sold or charged as above prayed."

It does not appear by the bill affirmatively that the debts of the complainants, the J. B. Brown Co. and the Bergner & Engel Brewing Co., against J. C. McKenzie were ascertained and decreed in the former suit; and it does appear from the bill that the debts of other creditors of McKenzie, all of whom are entitled to come in under the bill, to prove their claims and to have decrees against him for the amount thereof, respectively, have not been ascertained or decreed against him. Such ascertainment and decrees are essential to the full relief appropriate to the case made by the bill. And, of course, decrees could not be passed against him in their far or in favor of the named complainants, and therefore neither the named complainants nor his other creditors in whose behalf also the bill is exhibited would be entitled to a decree subjecting Henderson's equitable assets to the payment of McKenzie's debts, in the absence of McKenzie from the case: He is entitled to his day in court on the question of his indebtedness to the alleged creditors in whose behalf the bill is filed, the establishment of such indebtedness is a necessary predicate for the relief sought against Henderson and his wife in respect of the property alleged to have been fraudulently conveyed by Henderson to her, and he is, of consequence, a necessary party to the bill. The contrary conclusion reached by the chancellor appears to be based upon the idea that "all question as to the liability of McKenzie was conclusively determined by the former decree." We do not find this to be the fact on the averments of the present bill, and hence we do not concur in the conclusion reached below that McKenzie is not a necessary party to it.

The decree sustaining the demurrer to the bill and dismissing it out of court will be reversed, and a decree

[Smart v. Kennedy.]

will be here entered overruling the demurrer, and allowing respondents thirty days in which to answer.

Reversed and rendered.

