# Gamble *et al. v.* Aultman & Co.

*Bill in Equity to set aside Fraudulent Conveyance.*

1. *Fraudulent conveyance; burden of proof as to consideration.* When an existing creditor attacks a conveyance executed by his debtor, as fraudulent and made to hinder and defraud his creditors, and assails the conveyance as simulated and

[Gamble *et al.* v. Aultman & Co.]

fictitious, the burden is upon the grantees in such conveyance to prove that the conveyance was made in good faith and was founded upon a valuable consideration, and that the price paid for the property was not inadequate with its value, and the recitals of such conveyance are not evidence in favor of the grantees as against attacking creditors.

2. *Same; equity pleading; denials of answer.*—An answer to a bill of complaint that contains a mere general denial of matters charged therein is not sufficient; and in response to a bill filed to set aside conveyances as fraudulent, the answers must not only specifically deny the allegations that charge material matters, but must affirmatively aver facts relied on as constituting the consideration of the conveyances attacked, and also the facts showing good faith of the transaction, such as actual payment of an adequate consideration, and how, when and in what the consideration was paid. The answer must put in issue all the facts on which the defendant relies as constituting a bar to the relief sought by the bill.

3. *Same; same; sufficiency of evidence.*—In a suit by a creditor, seeking to have set aside conveyances by his debtor as being voluntary and made to hinder, delay and defraud creditors, where the answer is wholly insufficient in averring affirmative matters of defense, proof of facts which show that the conveyance attacked was not fraudulent, and which constitute matters of defense which are not stated in the answer, can not avail the defendant; and such evidence presents no bar to the granting of the relief sought by the bill.

APPEAL from the Chancery Court of Blount.

Tried before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellees, C. Aultan & Co., as creditors of John Gamble, and seeks to have declared void and annulled certain conveyances of property made by John Gamble to his co-respondents, who are his sons and daughters, on the ground that said conveyances were voluntary and made to hinder, delay and defraud complainants, who were judgment creditors. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for. From this decree the defendants appeal and assign the rendition thereof as error.

[Gamble *et al.* v. Aultman & Co.]

W. T. L. COFER, for appellant.—Where the case is submitted upon pleadings and evidence without specific objections either to the answer or to the evidence raising the question of insufficiency, all such imperfections are waived.—*Loom v. Higgins*, 105 U. S. 580; *Romer v. Simmons*, 95 U. S. 214; *Zane v. Soffe*, 110 U. S. 200; *Arnold v. Slaughter*, 36 W. Va. 598; *Stowe v. Bowen*, 99 Mass. 194; *Enschrow v. McHose*, 48 Fed. Rep. 589; *Hutchings v. Castle*, 48 Cal. 152. The evidence shows a state of facts which would justify a decree of a court of equity requiring respondent, John Gamble, to do what he has done and such an act will not be undone.—*Moog v. Farley*, 79 Ala. 246; *Smith v. Collins*, 94 Ala. 394; *Halsey v. Connell, Green & Co.*,111 Ala. 221; *Teague v. Lindsey*, 106 Ala. 266; *Troy v. Norman*, 107 Ala. 667; *Goetter v. Norman*, 107 Ala. 585; *Lepell v. Stoppell*, 64 Minn. 74; *Jaffrey v. McGough*, 83 Ala. 202.

EMERY C. HALL, *contra.*—The answer does not apprise the complainant of the line of defense which will be resorted to; nor afford the complainant that opportunity for preparation to meet it which is a leading purpose of all pleading, and which the complainant is always entitled to with respect to matter of defense affirmative in character and relied on to defeat and overturn a *prima facie* case, made by the bill and the admissions of the answer.—*Robinson v. Moseley*, 93 Ala. 70-72. The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues.—*Robinson v. Moseley*, 93 Ala. 70-72; 1 Daniel Chancery Pr., 711-713; 1 Brick. Dig., 717, § 1115; *Moog et al. v. Barrow, et al.*, 101 Ala. 209-212.

It being alleged and proved that the complainant's debt against John Gamble antedated the several conveyances, and that John Gamble was insolvent, owning no property except the land conveyed, and this to the knowledge of his children, the grantees in the conveyances, the burden of proof was upon respondents to prove by clear

and convincing evidence a valuable and adequate consideration passing to John Gamble from his children for the land — in what it consisted and how paid.—*Martin et al. v. Berry, Demoville & Co.*, 116 Ala. 233-235; *Robinson v. Moseley*, 93 Ala. 70-72; *Pollack v. Searcy*, 84 Ala. 259; *Calhoun v· Hannan*, 87 Ala. 277-285; *Lehman v· Greenhut*, 88 Ala. 478-480; *Hamilton v. Blackwell*, 60 Ala. 545-546; *Harrell v. Mitchell*, 61 Ala. 278, 279.

The complainant having shown that it was an existing creditor of John Gamble at the time of the execution of the deeds, the onus of proving that the deeds were founded on a valuable and adequate consideration was cast on the grantees.—*Page v. Francis*, 97 Ala. 379, 380; *Smith v. Collins*, 94 Ala. 394-403. Where the contract assailed is between near relatives, as husband and wife, father and son, and the like, it will be subjected to a closer scrutiny and a greater measure of proof will be required to support it than if the parties to it were strangers.— *Robinson v. Moseley*, 93 Ala. 70-73; *Owens v. Hobbie*, 82 Ala. 466; *Moog v. Farley*, 79 Ala. 246. A voluntary conveyance is void *per se* as to existing creditors without any regard to the intention of the parties, or to the circumstances of the grantor, or the amount of his indebtedness, or to the kind, value or extent of the property conveyed.—*Beall & Coston v. Lehman, Durr & Co.*, 110 Ala. 446-450; *Dickinson v. McLarney*, 97 Ala. 383-389; *Gassenheimer v. Kellogg*, 26 So. Rep. 29; *Lehman et al. v. Meyer*, 67 Ala. 403; *Coal City Coal & Coke Co. v. Hazard Powder Co.*, 108 Ala. 218; *McLarin v. Anderson*, 109 Ala. 571-573.

TYSON, J.—The bill in this cause was filed to have declared fraudulent certain conveyances executed in 1890 by the respondent, John Gamble, to his children, his co-respondents. It appears from the averments of the bill that Gamble's indebtedness to the complainants arose in 1884, and was reduced to judgment on March 22, 1890. That executions were issued upon this judgment and returned "no property found." The bill charges that the several conveyances made by Gamble to his co-respondents were voluntary. The answer of the respond-

ents, which was a joint one, after admitting the existence of the judgment owned by the complainants, simply denies the allegations of the bill that charges the conveyances to be voluntary and the consideration recited in those conveyances to be fictitious and simulated, with the additional allegation "that they have an interest in the lands described in the bill; that they purchased the said lands in good faith and for a valuable consideration, without notice of plaintiff's lien and before judgment was obtained against John Gamble." The complainants' debt was shown undisputedly by the evidence to have been in existence at the time the conveyances assailed were executed. It also is shown by the evidence that executions upon the judgment were returned "no property found." These two facts being shown, the burden of proof was upon the respondents of showing that the sales by John Gamble to them were fair and made in good faith; and also upon them to show that the considerations were valuable ones, and that the prices they paid for the lands were not less than their value. In other words, the burden is upon them to overcome the presumption of unfairness and *mala fides* in the transaction.—*Wood v. Pebbles et al.*, 121 Ala. 100, and authorities there cited; *Halsey v. Connell, Green & Co.*, 111 Ala. 221; *Freeman v. Stuart*, 49 Ala. 158; *Henderson v. Brown Co.*, 123 Ala. 623. In order to lift this burden, however, affirmative averments of the facts relied on as constituting the consideration is as esssential as satisfactory proof of their existence. The respondents in order to be accorded the advantage of evidence offered in support of the *bona fides* of the transaction, should have alleged in their answers the facts showing good faith, the actual payment of an adequate consideration, how, when and in what the consideration was paid. As said by Mr. Daniel, (1 Dan. Ch. Pl. & Pr., 711, 713), "It is of great importance to the pleader in preparing an answer to bear in mind that besides answering the plaintiff's case as made by the bill, he should state to the court upon the answer, all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff

by his answer of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner; and in strictness, he cannot avail himself of any matter of defense which is not stated in his answer, even though it should appear in his evidence." The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues; otherwise the answer does not apprise the complainant of the line of defense which will be resorted to, nor afford him that opportunity for preparation to meet it which is the leading purpose of all pleading, and which the complainant is always entitled to with respect to a matter of defense affirmative in character and relied on to defeat and overturn a *prima facie* case made by the bill.—*Wood v. Pebbles, supra; Freeman v. Stuart, supra; Robinson v. Moseley,* 93 Ala. 70; *Moog v. Barrow,* 101 Ala. 209.

The answers of the respondents in this case being wholly insufficient in averring affirmative matter of defense, the burden of which was upon the respondents to aver and prove, and being fatal to the rights of the complainants, there was no error committed by the chancellor in granting the relief sought by the complainants' bill.

An examination of the testimony in this case illustrates forcibly the reason for the doctrine which we have announced. Gamble, the insolvent debtor, in his testimony says that the sole consideration for the deeds which he executed was the payment by his children, who are his co-respondents, of $1,100 which he owed Foust. He shows in his testimony that the lands were worth $2,000—$900 more than the amount paid by his grantees to Foust. His testimony makes the transaction as against the complainants fraudulent. Some of the respondents undertake to set up by their testimony adverse possession to a portion of the lands for more than ten years before the execution of the conveyance to them by their fathers. All of them, however, admit that as a part of the consideration of the deeds to them was the payment by them of the Foust debt. And it is our opinion that the sole consideration for these convey-

ances was as testified to by Gamble, the father—the insolvent debtor.

The decree of the court below must be affirmed.