# Brunson *et al. v.* Rosenheim & Son.

*Bill to Set Aside Conveyance for Alleged Fraud.*

(Decided Feb. 5th, 1907.   43 So. Rep. 31.)

1. *Equity; Fraudulent Conveyances; Pleadings; Answers; Pleas.—*
   The answer set up as a defense to the bill that the debtor had

[Brunson, et al. v. Rosenheim & Son.]

been discharged in bankruptcy, and the paragraph alleging such discharge concluded with a statement that defendants attached and made a part of the answer the decree of discharge as a plea in bar. Held, such paragraph was not a plea in form incorporated in the answer entitling defendants to a decree on the issue joined on the plea, in the absence of setting down the plea to be tested as to its sufficiency before a final submission of the cause.

2. *Bankruptcy; Pleading Discharged; Avoidance.*—A plea setting up a discharge in bankruptcy as a bar is properly met by an amendment alleging that the lien under the judgment sought to be enforced was acquired more than four months before the filing of the bankruptcy petition.

3. *Equity; Pleading; Pleas; Sufficiency.*—While the rule is that when a plea is filed to a bill and its sufficiency in law is not tested, but issue is taken thereon, and the plea is sustained by the evidence, the defendant is entitled to a decree, although the matter alleged in the plea is immaterial, yet, when the complainant takes issue on the plea, or matter in avoidance is set up by amendment and such matter is proven the defendant will not be entitled to a decree.

4. *Same.*—Section 701, Code 1896, does not prevent the filing of matters in confession and avoidance to a plea as an answer to a bill in chancery.

5. *Fraudulent Conveyance; Prima Facie Case; Burden of Proof.*—Proof of the existence of complainant's debt before and at the time of the alleged conveyance, that complainant recovered judgment, and that execution had been returned no property found, together with the insolvency of the debtor, establishes a prima facie case and places the burden of proof on the defendant to show that the conveyance was not fraudulent, but for a consideration not less than the fair value of the property.

6. *Same; Homestead.*—The conveyance of the homestead by a debtor is not subject to attack by his creditors as such homestead is exempt from execution.

7. *Same; Constructive Notice.*—If the grantee in a fraudulent conveyance has knowledge of facts sufficient to put him on inquiry, which if followed out would have led to knowledge of the fraudulent intent, it was not material that he did not have actual knowledge of such intent.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Joseph Rosenheim & Son against W. J. Brunson and others to set aside certain alleged conveyances

8

and to enforce a judgment lien on property conveyed. From a judgment in favor of plaintiff, defendants appeal.

W. O. MULKEY, for appellant.—The burden is on complainants to show that Brunson is insolvent; that complainants are his creditors and that he executed the conveyance to defraud his creditors while insolvent.— *Moog v. Farley,* 79 Ala. 236. Applying this test the bill cannot be maintained as to the M'Hurleys.—3 Mayf. 875. The lot was exempt to Brunson and the fact that there were two dwellings on the lot did not operate to deprive Brunson of the right to claim the lot.—Section 2, article 10, Constitution 1875; *Winston v. Hodges,* 102 Ala. 304. Under the allegations of the bill the proof must show that both grantees participated in the fraud or there is a variance.—*Elyton Land Co. v. Battling Iron Works,* 109 Ala. 600; *Mortgage Co. v. Sewell,* 92 Ala. 170. Complainant's amendment in the nature of a replication should have been stricken.—*Mylan v. King,* 35 So. Rep. 998. There was proof to sustain respondent's plea without conflict and he was entitled to a decree.—*Stein v. McGrath,* 128 Ala. 122.

J. F. SANDERS, for appellee.—The averments of the bill present a case for relief in equity.—*Williams v. Spraggins-Buck & Co.,* 102 Ala. 424; *McLaren v. Anderson,* 104 Ala. 201; *Seales v. Robinson,* 75 Ala. 363. The respondents gain nothing by the decree of the United States Court discharging Brunson from his debts.— *Mylan v. King,* 35 South. 998; *Stein v. McGrath,* 128 Ala. 182; *Chadwick v. Carson,* 78 Ala. 116. The complainant's lien was never lost.—*Matthews v. Insurance Company,* 75 Ala. 89; *Reynolds v. Collier,* 103 Ala. 245; *Street v. Duncan,* 117 Ala. 573. The answer should show the actual payment of an adequate consideration and how, when and in what the consideration was paid. *Gamble v. Altman,* 28 South. 30. The demurrers to the original bill were properly overruled.—*Kauffman v. Richardson,* 37 South. 673; *O'Neal v. Brewing Co.,* 101 Ala. 383; *Metcalf v. Arnold,* 32 South. 763; *Wood v. Potts,* 37 South. 253.

DOWDELL, J.—The bill in this case is one by a judgment creditor against the debtor and his vendees, seeking to set aside certain alleged fraudulent conveyances by the debtor and for the enforcement of a lien under the judgment and execution against the property sought to be conveyed. The bill is sufficient in its averment of the facts constituting the alleged fraud. The bill also avers a return of the execution on the judgment "No property found" and the insolvency of the respondent debtor. A joint answer to the bill was filed by the respondents, in which there was a general denial of the allegations of fraud. The answer further set up, as a defense to the bill, the discharge in bankruptcy of the respondent debtor. This defense is distinctly set up by way of answer, although, at the conclusion of the paragraph in the answer to the bill setting up this defense, it is stated: "And the respondents attach and make a part of the answer said decree (meaning decree in discharge in bankruptcy), properly certified by J. W. Dimmick as clerk of the court, and offer same as a plea in bar to the further maintenance of this suit." After the filing of the answer, the complainants amended their bill by averring the facts of the petition and discharge in bankruptcy of the respondent debtor, Brunson, and by further averring that the lien, under the judgment sought to be enforced, was acquired more than four months before the filing of the petition in bankruptcy .

If it should be conceded, as contended in argument by counsel for appellants, that the matter of the discharge in bankruptcy set up as a defense in the answer was in form and substance a plea, the sufficiency of which should have been tested before proceeding to final submission, to avoid committing the complainants taking issue on the plea without having so tested its sufficiency, still there is no merit in appellants' contention that they were entitled to a decree on issue joined on the plea. While the discharge in bankruptcy was proper subject-matter of a separate and independent plea as a defense to the bill, and might have been so pleaded, yet we are of opinion that the manner in which this defense was set up did not constitute it a plea in form, and as such incorporated in the answer, and hence falls within

the influence of the principle stated in *Mylin v. King,* 139 Ala. 319, 35 South. 998, and *Stein v. McGrath,* 128 Ala. 182, 30 South. 792.

But if, as above stated, it should be conceded that the matter of the discharge in bankruptcy, as pleaded, was in form and substance a separate and distinct plea to the bill, it was properly met by the subsequent amendment of the bill.—*American Freehold Land Mortgage Co. v. Dykes,* 111 Ala. 178, 18 South. 292, 56 Am. St. Rep. 38; *Smith v. Vaughan,* 78 Ala. 201; *Lanier v. Hill,* 30 Ala. 111; Story's Equity Pleadings, § 878. When a plea is filed to a bill in equity, the same may be set down for hearing on its sufficiency; that is, its sufficiency in law as a defense to the bill. If this is not done, and issue. is taken on the plea, and the plea is sustained by the evidence, the respondent is entitled to a decree, although the matter set up in the plea is immaterial.— *Tyson v. Decatur Land Co.,* 121 Ala. 414, 26 South. 507. But if the plea is sufficient as a defense in the matter set up in it—and it makes no difference whether the sufficiency of the plea is admitted or so determined in a hearing on its sufficiency—the complainant may then either take issue on the plea or set up matter in avoidance, which latter course is accomplished by an appropriate amendment of the bill.—*Land Mortgage Co. v. Dykes, supra,* and other cases cited above. If the rule were otherwise, and as contended for by counsel for appellant, that is to say, that a complainant in a bill in equity, on a plea filed to the bill, the sufficiency of which is either conceded or so determined by the court on a hearing for that purpose, is shut up to taking issue on the plea, in many cases an utter failure of justice would result. No such rule can be logically deduced from the statute (section 701 of the Code of 1896), which provides simply as follows: "No replication is necessary to an answer."

Proof of the existence of complainant's debt before and at the time of the alleged conveyances and the complainant's judgment, and the issue of execution thereon with the return of "No property found," and the insolvency of the respondent debtor, was without conflict. The facts being shown, the bill, among other allegations

as to the mala files of the transaction assailed, charging that the consideration of the conveyances was fictitious and simulated, the burden of proof was upon the respondent's vendees to show that the sales to them by the respondent Brunson were fair and made in good faith, and also upon them to show that the consideration was a valuable one and the price paid for the lands was not less than their fair value. "In other words, the burden was upon them to overcome the presumption of unfairness and mala fides in the transaction."—*Gamble v. Aultman & Co.*, 125 Ala. 372, 28 South. 30; *Wood v. Riley*, 121 Ala. 100, 25 South. 723; *Halsey v. Connell*, 111 Ala. 221, 20 South. 445; *Freeman v. Stewart*, 119 Ala. 623, 24 South. 31; *Brown Co. v. Henderson*, 123 Ala. 623, 26 South. 199. In *Gamble v. Aultman & Co., supra*, it was said: "In order to lift this burden, however, affirmative averment of the facts relied on as constituting the consideration is as essential as satisfactory proof of their existence. The respondents, in order to be accorded the advantage of evidence offered in support of the bona fides of the transaction, should have alleged in their answers the facts showing good faith, the actual payment of an adequate consideration, and how, when, and in what the consideration was paid."

As stated above, the respondents here filed a joint answer, which, in its denials and averments, is similar to the answer filed in the case of *Gamble v. Aultman & Co., supra*. As to the respondent M'cHurley, the answer contains nothing but a general denial of the allegations of the bill, and contains no averment as to the amount of the consideration paid by them to Brunson for the land conveyed to them, how or when paid, or whether the same was in cash. Under the principle laid down above, for lack of these affirmative averments of the bona fides of the transaction, assailed by complainants' bill, and on the evidence offered by the complainants on the submission of the cause on final hearing, the chancellor committed no error in his decree in favor of the complainants against this respondent.

As to the respondent Thompson, the pleadings, as well as the evidence, show that the two lots embraced in the conveyance made by Brunson to him were separate and

distinct lots. The half-acre lot which constituted the residence and homestead of the respondent debtor. Brunson and which was contained in the conveyance to the respondent Thompson, was shown to be of less value than $2,000. As to this the chancellor properly decreed in favor of the respondent Thompson. The same being the homestead of Brunson, and under the laws of the State exempt from levy and execution, no fraud could be committed against a creditor in the conveyance of it by the debtor. As to the storehouse lot described in the bill, and which was included in the conveyance from Brunson to Thompson, we are of the opinion that the evidence fully justified the chancellor in finding that the conveyance was fraudulent and void as to this property as against the complainants. If the respondent Thompson did not have actual knowledge of the fraudulent intent on the part of the respondent Brunson in the sale and conveyance of said property, there is abundant evidence reasonably to show that Thompson did have knowledge of facts sufficient to put him upon inquiry which, when prosecuted, would have led to knowledge of the main fact.

We concur with the conclusion of the chancellor, and his decree will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.