174 So. 237

TEMPLETON v. SCRUGGS et al.

8 Div. 760.

Supreme Court of Alabama.

April 29, 1937.

Fred Wall, of Athens, for appellees.

BOULDIN, Justice.

Appellees filed a bill against appellant to cancel a mortgage on real estate, also a deed purporting to be given in lieu of foreclosure, and in the alternative, for an accounting and redemption.

Respondent filed a plea in abatement upon the ground that pending the suit complainants had parted with all interest in the lands by a conveyance to a third party.

On a submission, which the court in his decree treated "as a setting of the plea down for hearing and argument," reciting that, "On a hearing of this character the sole question is as to the legal sufficiency of the plea as an answer to the entire bill of complaint, or such part or parts of the bill purported to be answered thereby," it was decreed:

"That the said plea in abatement be and the same is hereby held sufficient and is sustained.

"It is further ordered that the complainant is allowed twenty days within which to amend the bill of complaint, if desired."

Within the twenty-day period, complainants filed a sworn paper headed, "Answer to Plea of Defendant," saying:

"Comes the complainants by their solicitor in said cause and after a decree has been rendered, says:

"That the plea in abatement should not be sustained for the reason that the deed referred to was not a transfer of the property but was executed and delivered to secure a debt and in lieu of a mortgage to secure said indebtedness."

R. B. Patton, of Athens, for appellant.

Later respondent filed a motion, reciting the decree above noted, alleging that more than twenty days had elapsed since the rendition thereof, that no amendment to the

bill had been filed, nor the time therefor extended, and moving that the bill be dismissed out of court.

On a submission of this motion, the court held the above-noted paper filed by complainant "must be treated as an amendment to the bill of complaint," and rendered his decree overruling the motion to dismiss.

The present appeal is to review this latter decree.

■ Appellant's chief insistence in brief is that amendments to bill in equity are limited to those "striking out, or adding new parties, or to meet any state of evidence which will authorize relief." Code 1923, § 6558.

It seems scarcely necessary to repeat that amendments to bill in equity may be made setting up any further or different facts relating to the same subject-matter between the same parties either to meet the evidence after it is taken, or to make the issues upon which evidence is proposed, to be taken. Garrett v. First National Bank, 233 Ala. 467, 172 So. 611.

■ Clearly appellant cannot complain at the denial of his motion to dismiss the bill, unless, after plea sustained, there was nothing to litigate, and the bill was due to go out of court as of right.

■ The practice of setting down a plea for argument and hearing upon its sufficiency as a defense to the bill as a whole, or in respects to the phases to which it is addressed, is not so common since the adoption of Code 1923, § 6547, striking down the rule that joining issue on an immaterial plea, followed by proof of same, defeated the bill. But such practice may well be pursued where future protracted litigation may be avoided thereby.

"The setting down of a plea for hearing upon its sufficiency operates as an admission of the truth of all the facts alleged for the purpose of invoking the judgment of the court upon the legal question whether these facts constitute a defense to the bill. Tyson v. Land Co., 121 Ala. 414, 26 So. 507; Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514." Town of New Decatur v. Scharfenberg, 147 Ala. 367-372, 41 So. 1025, 1027, 119 Am.St.Rep. 81.

■ There is a distinct difference between a decree *sustaining the sufficiency of a plea* on a hearing of this sort and a decree *sustaining the plea,* upon a final

hearing of the issue presented thereby. Some cases have stated in general terms that when a plea is set down for hearing, the facts therein averred are admitted.

On a hearing as to the sufficiency of the plea, this rule merely means admitted for the purposes of the hearing, just as a bill is taken as true on demurrer.

"But if the plea is sufficient as a defense in the matter set up in it—and it makes no difference whether the sufficiency of the plea is admitted or so determined in a hearing on its sufficiency—the complainant may then either take issue on the plea or set up matter in avoidance, which latter course is accomplished by an appropriate amendment of the bill." Brunson et al. v. Rosenheim & Son, 149 Ala. 112-116, 43 So. 31, 32; American Freehold Land Mortgage Co. v. Dykes, 111 Ala. 178, 18 So. 292, 56 Am.St.Rep. 38; Tyson et al. v. Decatur Land Co., 121 Ala. 414, 26 So. 507; Story's Eq. Pld. § 697; 21 C.J. page 469 § 537.

■ Since no replication is necessary under our statute, Code 1923, § 6554, if complainant desired to set up affirmative matter in avoidance of a plea held good on a hearing as to its sufficiency, the appropriate method is by amendment to the bill. Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95; Clark et al. v. Whitfield et al., 213 Ala. 441, 105 So. 200; Brunson v. Rosenheim & Son, supra.

■ If the complainant merely joins issue on the plea, putting the respondent to proof of the facts averred in the plea, it is not necessary for him to amend, or otherwise affirmatively show a joinder in issue. In such case complainant could offer evidence in denial of facts set up in the plea. State ex rel. Phillips v. Benners, 172 Ala. 168, 55 So. 298.

The trial court here deemed it proper to give express leave to amend.

■ The paper filed within time discloses it was filed "after decree has been rendered," meaning in the state of the record, after decree sustaining the sufficiency of the plea. The paper brings forward matter either in denial or avoidance of the plea. If, in avoidance, it was formerly the subject of replication now of amendment to the bill. If in denial merely, it served to take issue on the plea. The court was fully warranted in treating this pleading as an amendment by way of meeting or answering the plea in abatement.

Our treatment of the case is not intended to deal with the discretion to extend time for amendment, nor whether a refusal to dismiss would have been proper in the absence of an amendment.

Proof that the instrument set up in the plea did not convey all the title and interest of complainants, in that it was merely a mortgage, would seem to be admissible in denial of the facts set up in the plea.

Nor are we to be understood as holding the plea in abatement good. This question is not presented. See 2 Alabama Digest, 15, Abatement and Revival, ☜41.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.