143 So.2d 181

**CHERRY INVESTMENT CORPORATION,**
Lewis R. Donelson, III, L. S. Rainer, Jr.,
and George C. Wilkinson

**v.**

Malissa Carney **FOLSOM et al.**

I Div. 982–985.

Supreme Court of Alabama.

March 29, 1962.

Rehearing Denied June 14, 1962.

Further Rehearing Denied July 12, 1962.

Lewey Stephens, Jr., Elba, and Oliver W. Brantley, Troy, for appellants.

Allan R. Cameron, Mobile, and Thos. E. Skinner, Birmingham, for appellees.

SIMPSON, Justice.

The appeal in this case proceeded from a decree of the lower court overruling the

motions of the respective appellants to dissolve a temporary injunction theretofore issued against them.

The appellees are minority stockholders of Emergency Aid Insurance Company, a life insurance corporation qualified to do business in Alabama, with principal offices in Elba.

The appellants are Cherry Investment Corporation, a foreign corporation, with principal offices in Memphis, Tennessee; Lewis R. Donaldson, III, director and stockholder of Emergency Aid; L. S. Rainier, Jr., director and president of Emergency Aid; and George C. Wilkinson, owner of majority stock of Cherry Investment.

The bill, on the basis of which the writ of injunction was issued, was designed to protect the interest of the appellees as minority stockholders of Emergency Aid Insurance Company against threatened dissipation of the corporate assets by the appellants. The bill in substance alleges that Emergency Aid has many thousands of policy holders and many millions of dollars of assets being held in trust for its policy holders and stockholders; that respondent Wilkinson is the legal or equitable owner of the stock of Cherry Investment Corporation, a foreign corporation organized under the laws of Tennessee; that Cherry is a paper corporation, created for the manipulation of stock; that its financial status is unknown and it has no assets subject to the jurisdiction of the court; that respondent Wilkinson, through his ownership of Cherry's stock, controls directly or indirectly all the actions of Cherry and that Cherry owns a majority of Emergency Aid and that, therefore, Wilkinson, through his control of Cherry, can control and dominate and secure the election of the majority of the board of directors of Emergency Aid; that unless restrained, Wilkinson proposes to elect persons to the board of Emergency Aid whom he can dominate and who will serve as his "puppets and stooges" for the purpose of plundering and dissipating the assets of Emergency Aid, all

to the irreparable injury of appellees and other stockholders of Emergency Aid; that the said Wilkinson occupies a fiduciary relation to Emergency Aid, its policy holders, and the appellees by reason of his controlling interest and ownership of Cherry, which owns a majority of stock of Emergency Aid; that if the said Wilkinson is allowed to take over the control of Emergency Aid by the means alleged, the public's confidence in Emergency Aid will be destroyed, thereby resulting in the cancellation of many insurance policies which constitute the assets of Emergency Aid, thereby resulting in irreparable damage to appellees and the stockholders and policy holders of Emergency Aid. It is alleged that respondent Wilkinson is insolvent and unable to respond to damages for any injury which he might cause to be done to Emergency Aid and its stockholders. The bill also alleges, factually, two instances where the respondents, through the alleged manipulations, attempted to defraud the Emergency Aid of many thousands of dollars for the benefit of respondents.

On the basis of these allegations the bill prayed that a temporary writ of injunction be issued to the respondents enjoining and restraining them as individuals, agents, directors, and stockholders, from voting or attempting to vote, or attending or attempting to attend, or holding of a stockholders meeting of Emergency Aid, until further orders of the court, and further restraining the respondents from removing or replacing anyone on the board of directors of Emergency Aid. As we take it, the import of the bill and its prayer is to restrain the respondents from displacing the present board of directors and officers of Emergency Aid until the merits of the bill can be explored, and if found meritorious, that the injunction be made permanent. The trial court, as stated, issued the temporary writ.

Appellants Ranier, sometimes called Rainer in the proceedings, Donaldson, and Wilkinson filed separate motions to dissolve the writ of injunction on the ground

that the bill was without equity. Wilkinson also demurred for want of equity, and Cherry also filed a plea in abatement. No answer was filed by any of the respondents.

It is noted that the court made no ruling on the plea in abatement of Cherry or the demurrer of Wilkinson, but overruled the motions to dissolve the writs of injunction, grounded on want of equity. It is this last ruling which is assigned here for error.

■ Concededly, the bill is no model of perspicuity, but in testing the general equity of the bill the court considers the substance of the allegations—the facts stated—not the form of the bill, the manner of stating the facts, nor the specific relief prayed for and all amendable defects are treated as amended. Holcomb v. Forsyth, 216 Ala. 486, 489, 113 So. 516; Union Central Life Insurance Company v. Thompson, 229 Ala. 433, 157 So. 852; Badham v. Johnston, 239 Ala. 48, 193 So. 420. The general demurrer is properly overruled if the bill contains any equity. Lauderdale County Board of Education v. Alexander, 269 Ala. 79, 110 So.2d 911.

■ Moreover, in considering the question of the dissolution of the injunction, the court is vested with a wide discretion and will weigh the relative degree of injury or benefits to the respective parties and especially where the discretion of the lower court has been exercised without apparent abuse. Holcomb, supra.

■ It is true, as argued by appellants, that as a general rule courts of equity will not interfere with the internal business management of corporate assets by the board of directors. But in case of fraud or maladministration, destructive or injurious to the corporation, this rule does not apply. Holcomb, supra, and cases cited. See also 13 Fletcher, Cyc.Corp., § 5829, p. 161 et seq.

"The right to control the election of the board of directors is a right inherent in majority ownership of stock, but the law exacts good faith and fair dealings, and contemplates that the director when elected will exercise the functions of the office honestly for the benefit of all the stockholders, free from pernicious and fraudulent domination of those holding the majority. * * * Any other rule would drive capital out of this field of investment and tend to paralyze rather than foster corporate enterprise." Holcomb case, 216 Ala. at pp. 491–2, 492, 113 So. at p. 521.

■ The bill in this last cited case was held to contain equity against the general demurrer. It is considerably similar to the bill in the instant case and of consequence we hold it to be not without equity, resulting that the motions to dissolve the temporary injunction on the stated ground were not well taken.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Rehearing.

In our original opinion, supra, we did not pass upon the question of jurisdiction raised by this appellant's plea in abatement, pointing out that there had been no ruling on the plea. We treated the appeal as though all of the appellants alike charged error in the decree denying the several motions to dissolve the temporary injunction on the ground that the bill did not contain equity. Separate applications for rehearing have been filed by the corporate appellant and by the individual appellants.

Addressing ourselves first to the application of Cherry Investment Corporation, this appellant is correct in the statement that we were in error in so treating the appeal. On re-examination of the record and briefs we find that the Cherry Company made no general appearance in the case, but appeared specially by interposing its plea to the ju-

risdiction and a motion to discharge the injunction as to it. Both the plea and motion stated that the Cherry Company is a foreign corporation doing business alone in the county of Coffee by agent and that in view of Section 232 of the Constitution it is not suable in Mobile County. In no wise did this appellant contest the equity of the bill. By a separate decretal order the trial court passed upon the plea and motion of the Cherry Company. Reciting at the outset that this respondent's plea had not been set down for hearing, the order stated that the matter of the motion to discharge coming on to be heard and having been heard and argued by the parties the court denied the motion for discharge. Whether the initial declaration that the plea had not been set down for hearing prior to the hearing set for the motions to discharge or dissolve the injunction meant that the respondent had not set the plea down for hearing, or the court had not set it down, is not clear, but the end result must be the same. Since the substance of the plea and the motion to discharge was the same, the effect of the order was to decide the question of jurisdiction adversely to the corporate respondent. We are thus met at the threshold with the question of jurisdiction of this court to entertain this respondent's appeal.

■ In stating and applying the rule that the appropriate method of testing a plea of this nature is to set it down for hearing and have the court determine whether or not it is sufficient, we have consistently held that, whatever method was followed, an order sustaining or denying such a plea was not appealable. We have also held that such ruling could not be assigned as error upon appeal from another interlocutory decree. Bullen v. Bullen, 231 Ala. 192, 164 So. 89; Templeton v. Scruggs, 234 Ala. 146, 174 So. 237; Thomas v. State, 241 Ala. 381, 2 So.2d 772; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; Gordon v. Central Park Little Boys League, 270 Ala. 311, 119 So. 2d 23. Decrees sustaining, dissolving or discharging injunctions are interlocutory. Code 1940, Title 7, § 757.

■ On its appeal from the decree affecting it the respondent Cherry Company assigned as error only the denial of its motion, making no reference to the ruling on the plea, and the brief argued the error assigned, relying upon authorities to the effect that a foreign corporation might be sued only in a county in which it does business. Appellant's brief on rehearing shows an awareness that a ruling on a plea such as here involved is not appealable. The question then arises whether the appeal from the ruling on motion to discharge the injunction served to bring the question before this court. We must answer this in the negative. The issue in both plea and motion to discharge was the same, the plea, or a copy of it, being filed along with the motion. For this court to respond to the error assigned would be to do by indirection that which it may not do directly. Even if this were not so, there is a further impediment in the way of our deciding the question. Neither the decree, nor the record elsewhere, discloses the evidence, if there was such, or the argument upon which the trial court based its decretal order.

In view of the conclusion we here reach, it results that our original judgment on the separate appeal of Cherry Investment Corporation should have been a dismissal of the appeal rather than affirmance. The original judgment will, therefore, be corrected by affirming as to the appeals of the individual respondents and dismissing the appeal of the corporate respondent, and its application for rehearing is overruled.

As to the applications of the individual appellants, we are not persuaded that we should recede from or add to our original deliverance affirming the decretal orders appealed from by them.

Judgment corrected and application of Cherry Investment Corporation overruled.

Applications for rehearing of the individual appellants overruled.