This appeal is from a judgment of the Circuit Court of Mobile declaring that the action taken by trustees of U.M.S. Alumni and Parents Association to abolish the mandatory military program at University Military School and to change the name of the school to UMS Preparatory School, was not beyond their power.
U.M.S. Alumni and Parents Association, Inc. filed its certificate of incorporation for record on January 16, 1946. Pertinent portions of the certificate read:
PREAMBLE
 "KNOW ALL MEN BY THESE PRESENTS, that whereas the undersigned persons, being interested in the welfare and development of University Military School in Mobile, Alabama, and being mindful of the importance to this community of perpetuating the type of educational and character building institution as was maintained there by its founder, the late Doctor Julius Tutwiler Wright and by the late Mr. William S. Pape; and
 "WHEREAS, the attainment of such purposes can best be accomplished by placing the destinies of said school in the hands of its alumni and the parents of its students banded together as an incorporated educational non-profit-sharing society.
 "NOW, THEREFORE, the undersigned, being all of the members of an unincorporated educational society formed for said purposes and desiring to become incorporated as such and having adopted a resolution signifying such intention and having elected Trustees for said purposes, as hereinafter indicated, do hereby make and file the following certificate;
* * * * * *
OBJECTS AND NAME OF SCHOOL
II
 "The objects for which this corporation are formed are to operate, promote and develop University Military School in Mobile, Alabama, as an institution of a permanent nature at which the education and character building of boys, as originally conceived for it, may be continued most effectively, and such purposes as may be necessary or incident thereto, and in the discretion of the Board of Trustees to establish, operate, promote and develop a similar institution for girls.
* * * * * *
AMENDMENT
VII
 "This charter may be amended by the vote of two-thirds of the members who vote on such amendment at an election called on such notice and held on a date fixed in such notice and conducted in *Page 439 
such manner as is hereinabove stated with respect to the election of Trustees; provided, however, that the essential objects, purposes and characteristics of the Corporation shall not be changed by amendment to this charter, or otherwise. As to any matter properly presented to the vote of the members of the Corporation (except as otherwise stated in this charter) a majority of the votes cast by such members shall govern."
After a hearing the trial court found:
 ". . . [T]hat, the primary purpose of the corporation was (as is stated in Article II of the Certificate) to operate, promote and develop the school as an institution at which the education and character building of boys may be continued most effectively. The Court further finds that this is consistent with the desire and aim of the founder of the school. The court finds that the existence of the military aspect of the training at the school was but one of many means of assisting in achieving discipline and accomplishing the primary and main purpose of the institution that is, of affording young boys the best kind of education and character building possible.
* * * * * *
 ". . . That the actions of the defendant Trustees in abolishing the mandatory military program at University Military School and the change of the name of the school to `U.M.S. Preparatory School' are within the powers and authority granted to the Board by the Certificate of Incorporation and the laws of this state and that their said action in changing the same are not ultra vires but are valid and no amendment to the Certificate of Incorporation is required."
We affirm.
The general rule is that courts will not interfere with the internal business management of corporate assets by the board of directors. This rule applies except in a case of fraud or maladministration, which is destructive or injurious to the corporation. Cherry Investment Corp. v. Folsom, 273 Ala. 575,143 So.2d 181 (1962).
Furthermore, the charter of a corporation, read in connection with the general laws applicable to it, is the measure of its powers.
If the power to act in a particular fashion is stated expressly in the charter, or is necessarily incidental to the express powers stated, then the courts have no authority to substitute the judgment of the directors with their own. Cf.Alabama City, G. A. Ry. Co. v. Kyle, 202 Ala. 552, 81 So. 54
(1918); See also, 19 C.J.S. Corporations § 743, pp. 83-84. Cf.Phinizy v. Anniston City Land Co., 195 Ala. 656, 71 So. 469
(1916); Waldrop v. Martin, 237 Ala. 556, 188 So. 59 (1939). This, of course, assumes that the charter does not grant powers which contravene state law. Cf. Security Trust Savings Bankv. Marion County Banking Co., 287 Ala. 507, 253 So.2d 17
(1971). Chewacla Lime Works v. Dismukes, Frierson Co.,87 Ala. 344, 6 So. 122 (1888).
The Certificate of Incorporation of U.M.S. Alumni and Parents Association, Inc. does not contain an express clause authorizing the deletion of the mandatory military program, nor does it expressly grant the directors the power to change the name of the institution. But the question is: Are these powers necessarily incidental to the objects for which the corporation was created? The trial judge answered the question in the affirmative. We find that he did not err.
In Patterson Edey Lumber Co. v. Bank of Mobile, 203 Ala. 536,84 So. 721 (1919), the Supreme Court stated that the phrase "necessarily incident to the powers for carrying out the objects of the charter" was not intended to indicate that the acts should be "indispensably necessary to the purposes of the corporation, but only that they should be necessary in the sense of being appropriate and suitable for the purposes for which the corporation was organized." 203 Ala. at 538,84 So. at 722.
The charter of the corporation does not expressly or impliedly prohibit the directors from changing the name of the school or *Page 440 
from dropping the mandatory military program. Therefore, we affirm the decree of the trial court which determined that the trustees did not exceed their powers.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.