The single issue presented by this appeal is the proprietyvel non of a merger between East Alabama Education Foundation, Inc., of Opelika, Alabama, and Lee County Educational Foundation, Inc., of Auburn, Alabama. The trial court found the merger to be valid. We affirm.
Appellant I.J. Scott, Jr., is a member of the East Alabama Education Foundation, Inc., an Alabama corporation, incorporated on January 23, 1970, in Lee County, Alabama. East Alabama Education Foundation, Inc., has operated since its inception as Scott Preparatory School (Scott Academy) in Opelika, Alabama. On October 8, 1981, the Board of Directors of East Alabama Education Foundation, Inc., voted to adopt an agreement of merger with Lee County Educational Foundation, Inc. (Lee Academy), of Auburn, Alabama.
On October 26, 1981, at a special meeting of the voting members of Scott Academy, the agreement of merger was approved by a vote of 57 to 16. On November 3, 1981, Scott filed a complaint in opposition to the merger, seeking injunctive, as well as declaratory, relief. Upon stipulation of facts, after due consideration, the trial court approved consolidation of the two institutions. Scott appeals.
 I. Scott Academy's Certificate of Incorporation
The first paragraph of East Alabama Education Foundation, Inc.'s (Scott Academy's) certificate of incorporation reads:
 "We, the undersigned, being each of the incorporators hereinafter named for the purpose of forming a nonprofit corporation under the provisions of the laws of Alabama, including the provisions of Title 10, Sections 124-232, Code of Alabama, 1940, as amended, do hereby make and file with Your Honor this our Certificate of Incorporation and do hereby declare and certify as follows:" (Emphasis added.)
Scott's opposition to the merger is premised upon this supposition: By specifically including a reference to Title 10, Sections 124-232, in the first paragraph of its articles of incorporation, Scott Academy excluded from the purview of authority granted its voting members any power to effectuate a merger as authorized in Sections 236-240.[1] Stated another way, Scott seeks to invoke the maxim "Expressio unius est exclusio alterius." We disagree.
Scott Academy contends, and we agree, that the phrase "under the provisions of the laws of Alabama, including the provisions of Title 10, Sections 124-232, Code of Alabama, as amended," does not require or imply the exclusion of all or parts of any other provisions of Alabama corporate jurisprudence.
The constitution, bylaws, and regulations of a voluntary association constitute a contract between the association's members which is binding upon each member so long as the bylaws, etc., remain in effect. Medical Society of MobileCounty v. Walker, 245 Ala. 135, 16 So.2d 321 (1944). It is also well established that in the interpretation of a contract words of agreement will be given their ordinary meaning, HibbettSporting Goods, Inc. v. Biernbaum, 391 So.2d 1027 (Ala. 1980), and that, in order to ascertain the intentions of the parties to a written instrument, the plain or clear meaning of the instrument's terms is to be given effect, and the parties are presumed to have intended what the terms clearly state. FederalLand Bank of New Orleans v. Tarra Resources, Inc.,373 So.2d 314 (Ala. 1979).
Appellant Scott insists that our analysis should include an inquiry as to why the clause in the first paragraph of Scott Academy's certificate of incorporation refers to the provisions of Title 10, Sections 124-232, especially because the procedures for merger are provided in Sections 236 through 240. His point, of course, is that such inquiry will lead logically and inextricably to the conclusion that Scott Academy's corporate powers are limited to that *Page 574 
authority embraced within the referenced code sections, to the exclusion of the power of merger authorized by § 236, et seq.
To the extent we agree that there is no apparent logical reason for the reference to those particular code sections within the certificate of incorporation, we acknowledge the persuasiveness of Scott's argument. In the final analysis, however, we are convinced, and accordingly so hold, that the mere reference to these sections as being included therein, along with other provisions of Alabama law generally, does not proscribe the application of other code provisions.
It is not the province of courts to interfere with the internal business management of corporate assets by a board of directors, and this rule applies except in cases of fraud or maladministration which is destructive or injurious to the corporation. Cadden v. Ladd, 358 So.2d 437 (Ala. 1978).
The actions of the board of directors of Scott Academy in merging with Lee Academy were authorized under the laws of this State, which authorization was not inhibited or curtailed by Scott Academy's certificate of incorporation. The trial court's judgment, therefore, is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.
[1] Code 1975, §§ 10-3-140 through 10-3-144.