## CARROLL vs. POWELL, Ex'r.

[ACTION TO RECOVER AMOUNT BID AT EXECUTOR'S SALE OF LAND, &C.]

1. *Statute of frauds; what sale within.*—A sale of lands at public auction, by one claiming to sell as executor, under a power in the will of his testator, is within the statute of frauds.

2. *Same; what not sufficient written memorandum under section* 1863 *of the Revised Code to take sale out of statute of frauds.*—A written memorandum of such a sale, in the words and figures following, to-wit: "Sale bill of the estate of John Anderson, deceased, March 14th, 1868. 80 acres of land, east half of the southeast quarter of section twenty-four, township eleven, range six, bought by A. Carroll, at $400," is not a sufficient memorandum under section 1863 of the Revised Code, to take the sale out of the statute of frauds.

3. *Same; defects of memorandum, how can not be cured.*—The defects of such a memorandum can not be cured by oral evidence.

4. *Same; plea of statute of frauds; what replication to, bad.*—A replication to a plea of the statute of frauds, that the defendant went into the possession of the lands under the contract of sale, and continued to hold the possession up to, and at the commencement of the suit, claiming to own the same, under and by virtue of said contract, is bad on demurrer.

APPEAL from the Circuit Court of Cherokee.
Tried before Hon. W. L. WHITLOCK.

This was an action brought by Powell, as executor of the last will and testament of John Anderson, deceased, to recover of Carroll the amount bid by him for certain lands of appellee's testator, sold by appellee at public outcry.

The complaint was as follows: "The plaintiff, who sues as executor of the last will of John Anderson, deceased, claims of the defendant four hundred dollars due as the purchase-money of eighty acres of land, more or less, known as the east half of the southeast quarter section 24, township 11, range 6, which was sold on the 14th day of March, 1868, by the plaintiff as executor, offered as the property belonging to the estate of testator, to the highest bidder, for cash. The same was knocked off to said de-

Carroll v. Powell, Ex'r.

fendant, who was the highest and best bidder, at his bid of four hundred dollars as aforesaid, with interest thereon."

The appellant pleaded, in short by consent, 1st, non-assumpsit; 2d, payment; 3d, the statute of frauds; and, 4th, several pleas of set-off.

Demurrers were sustained to the pleas of set-off. The plaintiff took issue on the pleas of non-assumpsit, payment, and the statute of frauds; and also replied specially to the plea of the statute of frauds, "that the defendant went into possession of the land under the sale, and was still in possession of the same, claiming under the sale." To this replication defendant demurred, on the ground, among others, that it did not allege that the purchase-money, or any portion thereof, had been paid. The court overruled the demurrer, and the defendant took issue on said replication, and the cause proceeded to trial on the issues thus joined.

There were several objections reserved by defendant on the trial in regard to the admission of evidence in regard to the probate of the will of appellee's testator, the letters testamentary, and other matters. It is unnecessary, however, to allude to these objections more particularly, or to the ruling of the court upon the pleas of set-off, as they did not affect the decision of the cause and are not material to a proper understanding of the points decided.

But two witnesses were examined, and both on behalf of the plaintiff. The bill of exceptions shows that, after proving the death of Anderson, the probate of his will, the grant of letters to the plaintiff, and his qualification, &c., the plaintiff was placed on the stand as a witness in his own behalf. He testified that "he, as executor, advertised and sold the premises mentioned on the 14th day of March, 1868, at public outcry; that defendant became the purchaser at the price of four hundred dollars; that the terms of the sale were cash; that G. W. Potter acted as auctioneer and cried the land off, and the witness acted as clerk; that the sale was on the premises. The witness then produced a written memorandum of sale, as follows:

'Sale bill of the estate of John Anderson, deceased, March 14th, 1868. 80 acres of land, east half of the southeast quarter of section twenty-four, township eleven, range six. Bought by A. Carroll at $400;' which the plaintiff's attorney offered to introduce to the jury as evidence. The defendant objected on the ground that it was insufficient to take the sale out of the statute of frauds, and was illegal and irrelevant. The court overruled the objection and allowed the said memorandum to be read to the jury as evidence, and defendant excepted. The plaintiff's attorney did not propose to connect said memorandum with any other writing made at the same time and place, or with any writing whatever; and did not afterwards introduce any such written evidence during the trial. The plaintiff further testified that the land sold was the same as that described in the complaint, and was situated in Etowah county; that he never sold land to the defendant but the one time. On cross-examination, plaintiff testified that he made this memorandum on the 14th day of March, 1868; that before he made it, he went home, some two or three hundred yards from place of sale; and that two hours elapsed after the sale before he made the memorandum. The defendant was not present when the memorandum was made; neither was said Potter.

"The plaintiff introduced one Anderson, who testified that he knew the land and its location; that the defendant was in possession; that he went into possession 1st June, 1868. Witness rented said land from defendant, and is still in possession as the tenant of defendant. On cross-examination, the witness testified he did not know how the defendant got into possession; plaintiff was not present when the defendant took possession. The witness further testified, that he was present at the sale; that Potter cried the sale. The defendant made but the one bid for the land; no other bid was made."

The defendant requested the court to give eleven written charges, all of which charges, except the ninth, were refused. The following charges, among those asked, were refused, and to the refusal defendant duly excepted:

Carroll v. Powell, Ex'r.

"2d. The memorandum offered in evidence is not sufficient to take the sale out of the statute of frauds.

"7th. That if the jury believe from the evidence that Mr. Powell made the memorandum as executor, and of his own accord, and not as the clerk or agent of Mr. Potter, the auctioneer, then it is not sufficient to take the case out of the statute.

"8th. That before the jury can find that Powell was the agent or clerk of Potter to make the memorandum, they must be satisfied from the evidence that Potter requested Powell to act as his (Potter's) clerk or agent.

"10th. The terms of a sale are the conditions on which the property is sold, and if the property is sold for cash, it is as much a term of the sale as if the property, if sold on a credit, would be a term of the sale; and if property is sold for cash, it is essential to set this term out in the memorandum expressly."

The various rulings to which exception was reserved are now assigned as error.

McConnell & Savage, and James Aiken, for appellant.
Foster & Forney, and Cooper & Reeves, contra.

PECK, C. J.—The only questions which will be considered in this opinion are those arising on the plea of the statute of frauds. The view we take of this statute renders necessary the reversal of the judgment, and will probably be decisive of the case on another trial.

The sale set out in the complaint is undoubtedly within the statute of frauds, and void, unless it is withdrawn from the influence of the statute by the evidence of the plaintiff. This the plaintiff does not deny, but insists that the evidence is sufficient for that purpose. Before examining this evidence, the demurrer of defendant to the plaintiff's special replication to the plea of the statute of frauds should be disposed of. In doing this, it is enough to say, the said demurrer was improperly overruled. The fact that defendant went into possession of the land mentioned in the complaint, as stated in said replication, and continued to hold

the same up to the commencement of the suit, claiming to own said land under said sale, was no answer to said plea. The statute requires *the purchase-money*, or a portion thereof, to be paid, and that the purchaser be put in possession of the land by the seller; otherwise the sale is void.—Rev. Code, § 1862. Neither of these is sufficient of itself; both are required by the statute, and one is as necessary as the other.

We will now proceed to examine the plaintiff's evidence to avoid the plea of the statute of frauds.

This evidence consists of the oral examination of the plaintiff as a witness in his own behalf, and a written memorandum, in the words and figures following, to-wit: "Sale bill of the estate of John Anderson, deceased, March 14th, 1868.  80 acres of land, east half of the southeast quarter of section twenty-four, township eleven, range six.  Bought by A. Carroll at $400."   Section 1863 of the Revised Code says: "When goods, or things in action, are sold, or lands, tenements or hereditaments sold or leased at public auction, and the auctioneer, his clerk or agent, makes a memorandum of the property, and price thereof at which it is sold or leased, the terms of sale, the name of the purchaser, or lessee, and the name of the person on whose account the sale or lease is made, such memorandum is a note of the contract, within the meaning of the preceding section." The foregoing memorandum by no means complies with what is required by said section.

1. It is not signed, nor does it otherwise appear that it was made by the auctioneer, his clerk or agent; but, on the contrary, the oral evidence of the plaintiff, if admissible and competent for that purpose, shows it was made by neither, but was made by the plaintiff himself.   True, he says he acted as clerk; he does not, however, say he acted as the clerk of the auctioneer, or that he was appointed by the auctioneer to do so.   His whole evidence, taken together, shows that he assumed to act as clerk of his own motion, without any appointment or authority of the auctioneer for that purpose.

If said memorandum was sufficient in form, and was signed by the plaintiff, it would not bind the defendant, without his assent, nor would it take the sale out of the influence of the statute.—*Hutton v. Williams*, 35 Ala. 503.

2. It does not state "the name of the person on whose account the sale was made." It begins, "Sale bill of the estate of John Anderson, deceased;" but this gives us no information on this subject. It does not inform us whether the sale was made on the account of an executor or administrator of the deceased, or whether it was made on the account of some person to whom the land was devised to be sold, or by some mortgagee or trustee, under a mortgage or deed of trust, made by the deceased in his life-time. For aught that appears by the memorandum, it may have been made on the account of some one, or either of such persons; certain, it is, it does not state the sale was made on the account of the plaintiff, as executor of said deceased.

3. It does not state the terms of the sale, whether for cash or on credit. It is, however, insisted by appellee's counsel, that as it is not stated whether the sale was for cash or on credit, the law presumes it was for cash. Admit this to be true, in ordinary sales, it does not, in cases like the present, answer the requirements of the statute. The statute requires the terms of the sale to be stated as a part of the memorandum. If the terms of the sale, or of any one of them, depend upon inference, or stand upon a legal presumption, such inference or presumption may be rebutted by oral evidence. This would leave the terms of the sale uncertain, and to be determined by the evidence of witnesses, and thus the doors to frauds and perjuries would be opened which the statute intended to close.— *Knox v. King*, 36 Ala. R. 367; *Adams v. McMillan, Ex'r*, 7 Por. 73. This latter case is, in many respects, very like the present. The sale was of lands, made at public auction by an executor claiming to sell under a power in the will of his testator. The defense was the statute of frauds, and the question was, the sufficiency of the memorandum

made to take the case out of the statute. Judge ORMOND, delivering the opinion of the court, says: "It is now settled that a writing, no matter what may be its particular form, will be a sufficient memorandum, or note in writing, as required by the statute; provided, it contain the essential terms of the contract, expressed with such certainty that they may be understood from the instrument itself, or from some other writing to which it refers, without recourse to parol proof, and be signed by the party to be charged thereby." From this case we see that a defective memorandum can not be helped out by parol proof; and as no written evidence was offered in this case, for the purpose of aiding the memorandum, the court improperly permitted the same to be read to the jury, against the defendant's objection.

After the evidence was closed, it being all set out in the bill of exceptions, the defendant asked the court to give several written charges, numbered from one to eleven, all of which, except the ninth, were refused. We think the 2d, 7th, 8th, and 10th charges should have been given. They have reference to the written memorandum, and are in harmony with the view we have taken of it.

Let the judgment be reversed, and the cause remanded for another trial. The appellee will pay the costs.