# Phillips *v.* Adams.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Statute of frauds; how taken advantage of.*—Generally, the statute of frauds must be set up as a defense by plea or answer; but, where the bill, seeking the specific performance of a contract for the sale of lands, affirmatively shows that the contract is obnoxious to the statute, a demurrer is the more appropriate mode of taking advantage of it.

2. *Same; contract for sale of lands.*—A contract for the sale of lands is void under the statute of frauds (Code, § 2121), when the only writing executed is a bond for title which does not show the consideration or *price*, and no part of the purchase-money is paid, though the purchaser is placed in possession; and a court of equity will not enforce such contract at the suit of the vendor, if the defense of the statute is interposed.

APPEAL from the Chancery Court of Elmore.

Heard before J. M. FALKNER, a solicitor of the court, as special chancellor, the Hon. N. S. GRAHAM being disqualified to sit.

JOHN A. TERRELL, for the appellant.—To entitle the complainant to the relief prayed by his bill, he must allege a valid contract, such as meets the requirements of the statute of frauds; otherwise, his bill is wanting in equity, and subject to demurrer. A contract for the sale of lands, to be valid under the statute, "must not only be signed by the party to be charged, but must state the essential terms of the contract with such clearness and certainty that they may be understood from the writing itself, or from some other paper to which it refers, without the necessity of resorting to parol proof."—*Parkhurst v. Cortlandt*, 1 Johns. Ch. 273. Here, the bill fails to show a valid contract, such as the court will enforce. The bond for title, the only writing that appears to have been executed, does not state the price agreed to be paid, nor any of the other terms of the contract, nor is it signed by the party sought to be charged; and the case is not taken out of the statute, because it is alleged that no part of the purchase-money was paid, Code, § 2121; *Hughes v. Hatchett & Trimble*, 55 Ala. 539; *Carter v. Shorter*, 57 Ala. 253.

WATTS & SONS, *contra.*—The bill states all the terms of the contract sought to be enforced, with sufficient precision. It shows that the contract was made on the 31st December, 1861; that the price agreed to be paid was $1,400, no part of which

[Phillips v. Adams.]

has ever been paid; that the purchaser was placed in possession, and continued in possession until his death; and the lands are particularly described. On these facts, the vendor was a mortgagee, and might file his bill at any time within twenty years. *Hudspeth v. Driver*, 16 Ala. 348; *Relfe v. Relfe*, 34 Ala. 500; *Bizzell v. Nix*, 60 Ala. 281. The statute of frauds has nothing to do with the case. When possession is taken under the contract, and a bond for titles executed, the case is taken out of the statute.—*Danforth v. Laney*, 28 Ala. 276. In *Relfe v. Relfe, supra*, the contract was verbal merely, not even a bond for titles being given. If a promissory note for the payment of the purchase-money were necessary to the validity of the contract, it would be equally necessary to express therein the consideration; and such a note, constituting an equitable mortgage, would destroy and displace a mere vendor's lien.—*Bryant v. Stephens*, 58 Ala. 636. If the statute of frauds applies to the case, it should be set up by plea or answer, and is not available on demurrer.—*Rigby v. Norwood*, 34 Ala. 129; *Martin v. Wharton*, 38 Ala. 641; *Patterson v. Ware*, 10 Ala. 444; Browne on Statute of Frauds, § 505.

SOMERVILLE, J.—The bill in this case was filed by the appellees, to enforce a vendor's lien for unpaid purchase-money. A bond for title, which is very inartificially drawn, was executed by the vendor, on the faith of which the purchaser went into possession. No part of the purchase-money is alleged to have been paid. The appellant holds possession of the land in question as the privy in estate of the said vendee, being his sole devisee. As defendant in the suit below, she set up the defense of the statute of frauds, by *demurrer* to the bill; and this demurrer was overruled by the chancellor.

It may be that the more common practice is to specially urge the defense of the statute of frauds by formal *plea*, or by *answer*, in order to entitle the defendant to rely upon it, as a defense, at the hearing.—Story's Eq. Plead. (8th ed.), § 761 *a*. The recognized office of a demurrer, however, would seem, on the clearest principles, to have ample scope for the exercise of its appropriate functions in cases of this character, when the defect arises from the case made by the complainant, and is apparent on the face of the bill. And whatever the earlier English practice may have been, as indicated by some of the adjudications, the appropriateness of a demurrer, for such a purpose, has been settled by this court in various decisions, and is sustained by the current of modern authority, in all cases where the bill avers the existence of a writing which affirmatively appears on the face of it to be so defective as not to conform to the requirements of the statute, or where it pre-

[Phillips v. Adams.]

sents a mere *oral* agreement which is void under the provisions of the statute because not in writing.—*Bolling v. Munchus*, 65 Ala. 558; *Bercy v. Lavretta*, 63 Ala. 374; Browne on Statute Frauds (4th ed.), §§ 509–10, 513; *Meach v. Perry*, 6 Amer. Dec. 719; *Redding v. Wilkes*, 3 Bro. Ch. 558; Waterman on Specific Perf. §§ 89, 102; Fry on Specific Perf. § 332.

There can be no doubt of the proposition, certainly under our own decisions, that, where a promise or agreement is of a character required by the statue of frauds to be in writing, it is sufficient to allege in the pleadings a contract generally, without stating that it is in writing. The writing is matter of proof, and not of allegation, and the failure to aver its existence is not a legal cause for demurrer.—*Martin v. Wharton*, 38 Ala. 637; Browne Stat. Fr. § 505; *Price v. Weaver*, 13 Gray, 273. The rule, however, seems to be otherwise in the English Chancery Courts, where, in bills for specific performance of agreements relating to land, it is necessary to allege that the agreement is in writing, or the bill will be demurrable.—Daniel's Ch. Prac. (5th Lond. Ed. 1871), p. 306.

The demurrer to the bill, we think, was well taken, and should not have been overruled. The instrument purporting to be a bond for title was defective, as failing to comply with the statute of frauds. Being a contract for the sale of lands, the consideration, or *price* of the lands, should have been expressed in the writing. The bond contains no recital that any consideration whatever was to be paid. It was long a mooted question, under the English Statute of Frauds, whether it was necessary that such agreements, or the note or memorandum thereof required to be in writing, should express the consideration; and though settled affirmatively in the well known case of *Wain v. Warlters*, 5 East Rep. 10, the doctrine there declared was afterwards doubted by Lord Eldon, and has been the subject of much discussion in this country, accompanied by great contrariety of opinion.—Browne Stat. Frauds, §§ 390–1; *Sears v. Brink*, 3 Amer. Dec. 475.

The old statute, as found in Clay's Digest, 254, § 1, contained no such requirement as the present one embodied in section 2121 of the Code of 1876, which is the same in phraseology with the sections contained in the Codes of 1852, and 1867.

The present statute is free from ambiguity of language, or doubtfulness of meaning. It declares that every contract or agreement for the sale of lands, or any interest therein, except leases for a term not longer than one year, shall be void, "unless such agreement, or some note or memorandum thereof, *expressing the consideration*, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing".(Code, §.2121); or

[Phillips v. Adams.]

unless the purchase-money, or a portion thereof, be paid, and the purchaser put in possession of the land by the seller."—*Ib.* *sub-div.* 5. In this respect, it differs from both the English statute, and from the statute of 1803, as contained in Clay's Digest; and, as decided by this court more than twenty years ago, in *Rigby v. Norwood*, 34 Ala. 129, unless the consideration is now expressly set out in the writing, it would be void as a note, memorandum or agreement, under the Statute of Frauds.

This was a legislative adoption, in other words, of the doctrine declared in *Wain v. Warlters, supra*, with which the weight of authority in this country has always concurred.

Wherever the principle of this case has prevailed, it is well settled that an agreement for the sale of lands is void under the Statute of Frauds, unless the *price* and other *terms* are specified in the writing; or unless the given case is, for some reason, excepted from the operation of the statute; as, for example, where the purchaser has been put in possesssion, having paid the whole or a part of the purchase-money. As said by Mr. Justice Bayley, in *Saunders v. Wakefield*, 4 Barn. & Ald. 601, "it would be a very insufficient agreement to say, 'I agree to sell A. B. my lands, without specifying the terms or price.'" Browne St. Fr. §§ 381–4. The point was similarly ruled in *Carter v. Shorter*, 57 Ala. 253; and *Adams v. McMillan*, 7 Port. 73; and is based upon the well settled rule, that a written memorandum or agreement, to take a contract out of the Statute of Frauds, must express all the essential terms of the contract with such certainty as to render a resort to oral evidence unnecessary to ascertain the intention of the parties. *Jenkins v. Harrisen*, 66 Ala. 345; Browne on Stat. Frauds, § 371; *Holmes v. Evans*, 12 Amer. Rep. 372; *Sears v. Brink*, 3 Amer. Dec. 475; 7 Wait's Act. & Def. p. 36; 3 Parsons Contr. 17; 1 Greenl. Ev. § 268.

The other point raised by the demurrer is, that the bill fails to aver a *written* promise by the vendee to pay the purchase-money to the vendor, but shows that such promise was only *oral.* Whether the requirement of the statute, that the written agreement shall be "subscribed by *the party to be charged* therewith," does not mean a written signature by the defendant who is sought to be charged by suit, or against whom the writing is sought to be enforced, need not be here decided, as the determination of this point is not necessary to the decision of the case.

The bond for title described in the bill is of no legal validity, as being offensive to the Statute of Frauds on the ground above discussed. The chancellor erred in not sustaining the demurrer to the bill for this reason; and his decree is accordingly reversed, and the cause is remanded.