# Trammell *v.* Craddock.

*Bill in Equity for Specific Performance of Contract for Sale of Lands by Husband to Wife.*

1. *Declaring on contract within statute of frauds.*—In a bill which seeks to enforce a contract required by the statute of frauds to be in writing (Code, § 1732), as in declaring on such a contract at law, it is not necessary to allege a compliance with the terms of the statute; the fact of non-compliance being matter of defense, to be taken advantage of by plea or answer, and not available on demurrer unless affirmatively and clearly appearing on the face of the bill.

2. *Part performance avoiding statute of frauds; possession of land as between husband and wife.*—The husband may deliver to the wife possession of a tract of land on which they do not reside, and her subsequent possession, open and notorious, by an agent or tenant, may become exclusive and adverse as against him; but his subsequent "recognition of her possession" of a tract on which they reside, under a contract of purchase from him in payment of an admitted indebtedness, does not constitute such part performance as avoids the statute of frauds.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. S. K. McSPADDEN.

JNO. M. CHILTON, and S. O. HOUSTON, for appellants, cited *Bell v. Bell*, 37 Ala. 536; *Gafford v. Strauss*, 89 Ala. 283; *Harper v. Rudd*, 89 Ala. 371; 53 Mich. 536; 1 Amer. & Eng. Encyc. of Law, 250.

JNO. A. TERRELL, *contra*, cited *Williams v. Maull*, 20 Ala. 721.

McCLELLAN, J.—This is a bill filed by the heirs at law of

[Trammell v. Craddock.]

Theodora W. Trammell, against the heirs at law of D. W. Trammell, and seeks to have certain lands alleged to have been purchased by the said Theodora from the said D. W. conveyed to the complainants. The bill alleges that the parties to this sale and purchase were husband and wife; that the wife held a note against the husband for sixteen hundred dollars, which she acquired by assignment from her father, to whom it was executed prior to the marriage; that in the year 1881 said Theodora "purchased of her husband, D. W. Trammell, a certain tract of land (describing it) in Tallapoosa county, Alabama, for the sum of sixteen hundred dollars, and she paid said sum by surrendering said promissory note to her husband, the said D. W. Trammell; that she went immediately into possession of said lands on and under said purchase; and that her said husband so recognized her in the possession of said lands," but did not make her a deed thereto owing to the marital relation existing between them; and she continued in possession up to the time of her death in 1888, the husband having died the year before; and that upon her death these complainants went into possession, and have continued therein to the filing of the bill.

Several grounds of demurrer were assigned against the bill. Of these, the 1st and 4th respectively are, that "said bill asks for a specific performance, and does not state with sufficient distinctness the terms of the contract between D. W. Trammell and his wife," and (4), "It is not averred in the bill that Theodora W. Trammell took possession of the lands set forth in the bill." These grounds of demurrer were sustained. The 2d, 3d, 6th, and 7th assignments of demurrer proceeded on the theory, that the bill showed that the contract of sale and purchase between Trammell and his wife was not in writing, and failed to show such possession under it in the wife as, in connection with payment of purchase-money, took it out of the statute of frauds. These grounds were overruled, and this appeal brings under review the action of the court in that regard.

It is thoroughly well settled, that in counting, either at law or in equity, upon a contract which the statute requires to be in writing, it is unnecessary to allege the fact that it is in writing. The question whether or not it is vitiated by noncompliance with the statute of frauds properly arises on plea or answer, and the infirmity resulting from the absence of a writing may be availed of on the evidence.—*Dexter v. Ohlander*, 89 Ala. 262. Where, however, the bill or complaint avers that the contract is not in writing, the defense may be taken advantage of by demurrer; but the fact must clearly

and. affirmatively appear on the face of the bill, before this mode of defense can be resorted to.—*Bromberg v. Heyer*, 69 Ala. 22; *Phillips v. Adams*, 70 Ala. 373; *Manning v. Pippen*, 86 Ala. 357. It does not appear by the present bill that the contract relied on was not in writing. That conclusion is attainable on its averments only inferentially and argumentatively from the effort of the pleader to aver facts which would cure the infirmity, or bring his case within an exception to the statute. There is no allegation which is inconsistent with the execution and existence of a written contract. It can in no sense be said to affirmatively appear on the face of the bill that the contract was not in writing; and our conclusion that the demurrers were properly overruled may be safely rested on this ground.

The case, however, has been argued here on the assumption that the bill shows that the contract was not in . writing; and the discussion has been as to the sufficiency of its averments, in respect of the possession of the purchaser, to bring the transaction within the exception of our statute in favor of parol contracts for the sale of lands, where the purchase-money, in whole or in part, has been paid, and the purchaser has been put in possession by the seller. These averments are, that Mrs. Trammell went into immediate possession of the land under said purchase, and that her husband "so recognized her in possession of said land." They are clearly open to the construction, when taken in connection with the marital relation existing between the parties, that they both had possession as husband and wife before the sale, that they continued in possession after the sale, and that the only change in their respective attitudes toward the land resulted from the *recognition* by the husband of a different right in her, to which the continued possession was referable. This is not, and can not be, that notorious and exclusive possession taken under the contract, and solely referable to it, which is essential to bring the contract within the exception of our statute.—Code, § 1732; 8 Am. & Eng. Ency. of Law, pp. 738–745; Browne Stat. Frauds, §§ 465, 486.

It was upon the complainants, assuming the bill to have shown that the contract rested in parol, to bring themselves clearly within the exception of the statute. While a husband might put his wife in possession, and while she might hold possession, notoriously and exclusively—as, for instance, of lands upon which they did not reside, and of which she might have the requisite possession by a tenant or agent—the averments of the bill fall far short of showing the notoriety and exclusiveness in the taking and retention of possession which

[Marx Bros. v. Leinkauff & Strauss.]

the law requires to afford evidence, along with proof of pay-ment of the purchase-money taking the place of, and perform-ing, in the prevention of frauds and perjuries, the office of a written memorial of the transaction. The allegations involve no *putting into possession* by the seller, but a mere continua-tion of a pre-existing possession, under a recognition, which may not have been known beyond the circle of conjugal con-fidences, of a new capacity in which it was held by the wife; and for this reason they were insufficient. They involve, also, only such possession in the wife as exists with respect to land occupied by husband and wife, and this could not be exclusive of the possession of the husband. They involve a possession by the alleged vendee in common with the alleged vendor, and this can never satisfy the statute. If the assumption that the bill shows the contract not to have been in writing were well-founded, we should say these demurrers ought to have been sustained.

Affirmed.