(106 So. 181)

### BROWN v. ROBERSON.   (6 Div. 440.)

(Supreme Court of Alabama.   Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Frauds, statute of ⟺77—Sale of real estate under power in mortgage subject to statute.**

As between mortgagee and purchaser; a sale of real estate under power of sale in mortgage is subject to the statute, and under Code 1923, § 8035, an auctioneer's memorandum in proper form is sufficient.

**2. Frauds, statute of ⟺106(2)—Requisites of memorandum to comply with statute in sale of real estate under power in mortgage stated.**

For a sale of real estate under power in mortgage to comply with the statute, there must be a memorandum of property showing price, terms of sale, name of purchaser, and name of person on whose account sale is made.

**3. Frauds, statute of ⟺116(7) — Entry of names of vendor and purchaser in memorandum by auctioneer sufficient.**

Auctioneer is agent of both vendor and purchaser, and his entry of their names in memorandum at any point showing their relation to the sale is sufficient compliance with the statute, and either party may call on auctioneer for memorandum of sale.

**4. Frauds, statute of ⟺116(7) — Entry of purchaser's name and price on piece of paper by auctioneer not compliance with statute.**

In sale of real estate under power of sale in mortgage, entry by auctioneer on piece of paper of purchaser's name and the price *held* not compliance with statute of frauds.

**5. Estoppel ⟺68(1)—Purchaser of realty, alleging misdescription in deed as ground of refusal to accept, but relying on description as compliance with statute of frauds, held not entitled to relief.**

Purchaser suing for specific performance of foreclosure sale of lands under power in mortgage *held* not entitled to relief, where he asserted misdescription in tendered deed as ground of his refusal to accept, but at same time relied on description in deed as a compliance with statute of frauds.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill in equity by J. Frank Roberson against R. H. Brown. From a decree for complainant, respondent appeals. Reversed and rendered.

W. T. Edwards and L. C. Albright, both of Birmingham, for appellant.

The transaction was void under the statute of frauds. Code 1923, § 8035; Adams v. McMillan, 7 Port. (Ala.) 73; Sanders v. Cassady, 86 Ala. 246, 5 So. 503; Lewis v. Wells, 50 Ala. 205; Knox v. King, 36 Ala. 370; Hutton v. Williams, 35 Ala. 503, 76 Am. Dec. 297; Robinson v. Garth, 6 Ala. 204, 41 Am. Dec. 47; Carroll v. Powell, 48 Ala. 298. Complainant failed to establish the material allegations of his bill and decree should have gone for respondent. Paulling v. Sturgus, 3 Stew. (Ala.) 95; Bank v. Marshall, 4 Ala. 60; Cummings v. McCullough, 5 Ala. 324; Edmondson v. Montague, 14 Ala. 370; Hogan v. Smith, 16 Ala. 600; Walthall v. Rives & Co., 34 Ala. 91; Henderson v. McVay, 32 Ala. 471.

Hayden & Hayden, of Birmingham, for appellee.

Specific performance of a contract of purchase, made by bid at auction and the auctioneer's memorandum, will be enforced. Jackens v. Nicolson, 70 Ga. 198; 25 R. C. L. 71. The deed drawn and executed was sufficient to satisfy the statute of frauds. Jenkins v. Harrison, 66 Ala. 345. An auctioneer is the agent of the purchaser and may sign a contract for him. Adams v. McMillan, 7 Port. (Ala.) 73. Where testimony is taken orally before the judge rendering the decree, the finding of facts will be affirmed. State v. Smith, 211 Ala. 267, 100 So. 226.

BOULDIN, J. The bill is for specific performance of a foreclosure sale of lands under the power in a mortgage. Complainant is the purchaser at the sale, and respondent the assignee of the mortgage, who, it is alleged, executed the power. Among the defenses set up is the statute of frauds, in that no note or memorandum of the sale was made by the auctioneer "stating the place, the time of sale, the name of the purchaser, nor the name of the person on whose account the sale was made."

[1] A sale of real estate under the power of sale in a mortgage, as between the mortgage and purchaser, is subject to the statute of frauds. Adams v. McMillan, 7 Port. 735; Hutton v. Williams, 35 Ala. 503, 76 Am. Dec. 297; Welsh v. Coley, 82 Ala. 363, 2 So. 733; Sanders v. Cassady, 86 Ala. 246, 5 So. 503; Robinson v. Garth, 6 Ala. 204, 41 Am. Dec. 47. An auctioneer's memorandum in proper form is by statute made sufficient. Code, § 8035.

[2] There must be a memorandum of the "property." This may be by reference to the mortgage for description. Lewis v. Wells, 50 Ala. 198; Robinson v. Garth, 6 Ala. 204, 208, 41 Am. Dec. 47. The memorandum must show the price, the terms of sale, the name of the purchaser, and the name of the person on whose account the sale is made. A failure to show on whose account the sale is made is fatal. Knox v. King, 36 Ala. 367.

[3, 4] The auctioneer is made agent of both vendor and purchaser, and his entry of their names in the memorandum at any point showing their relation to the sale answers to their signatures, and is sufficient. Adams v. McMillan, 7 Port. 73. But each element named in the statute must appear with reasonable certainty. Carroll v. Powell, 48 Ala. 298; Lewis v. Wells, 50 Ala. 205; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 528, 11 So. 695, 38 Am. St. Rep. 116. Being a joint agent, either party may call upon the auctioneer for a memorandum of the sale.

The evidence in the record shows no more than that the attorney acting as auctioneer at the time of the sale inquired the name of the purchaser · and entered his name and the price on a piece of paper. This was not a compliance with the statute. It affirmatively appears from the auctioneer's testimony that no statutory memorandum was made, but the data named was taken down to prepare the deed to be executed by the mortgagee.

[5] Appellee relies upon the doctrine stated in Jenkins v. Harrison, 66 Ala. 345, to the effect that a deed duly prepared and signed by the vendor, complying with all the terms of the statute of frauds, is sufficient written evidence of the transaction to meet the statute, although the deed never becomes operative for want of delivery. Without here discussing the limits and application of this rule appellee is not in position to claim thereunder.

The theory of the bill is that the respondent sold the property at auction sale in due course; that complainant, being the highest bidder, became the purchaser; that he offered and has been ready and willing to pay the purchase money, but that defendant, upon request, has failed and refused to perform his agreement.

Respondent, in his answer, avers that—

"He prepared and signed a deed conveying the property, as described in said mortgage, and made a tender of same to the complainant, but that complainant refused to accept said deed and pay said money."

It is suggested by appellee that this allegation of the answer shows compliance with the statute of frauds, and, being an admission in the answer, complainant was not required to make proof thereof. · This general rule is not questioned. It was not questioned in the evidence that a deed was prepared, signed, and ready for delivery, and the parties met to close the transaction; that the deed was tendered upon payment of the money, and it was not accepted. As to the reasons for com-

plainant's refusal to accept the deed there is controversy in the testimony. Complainant, in his testimony, persistently insists that his refusal was for failure to include all the property or property rights described in the mortgage; that there was an omission in the description.

Respondent's testimony was to the effect that the property was described in the deed in exact conformity to the description in the mortgage, and the refusal to accept was upon other grounds. These grounds need not be given, because they were abandoned in course of the trial as an excuse for refusing the deed, and the decree of the court finds complainant entitled to no more than the execution of a deed carrying a description of the property in the terms of the mortgage.

Under the issues in the cause, the only relief to which complainant could be entitled, and the only relief granted, was giving a proper conveyance of the property by the same description contained in the mortgage. The only finding which could authorize such relief was that such a deed had not been tendered. Manifestly, complainant cannot rely upon a misdescription in the tendered deed as the ground of his refusal to accept and the basis of his bill for specific performance, and at the same time rely upon the description in the deed as a compliance with the statute of frauds. If there was no misdescription, complainant could not refuse the deed, then sue for specific performance, the acquirement of something he had refused. If there was a material omission, such as to justify a refusal to accept, then it could not be a compliance with the statute of frauds as to the property so omitted.

The court below erred in granting relief to complainant.

The decree is reversed, and one here rendered dismissing the bill at the cost of complainant.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.