164 So. 89

## BULLEN v. BULLEN.

8 Div. 662.

Supreme Court of Alabama.

Nov. 7, 1935.

Travis Williams, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

**KNIGHT, Justice.**

The appellant, respondent in the court below, prosecutes this appeal from an interlocutory decree of the court below, overruling his demurrers to the bill of complaint, and sustaining complainant's demurrers to a plea of respondent incorporated in his answer.

The bill seeks specific performance of a contract of sale of certain lands, situated in Franklin county, Ala.

It appears from the bill that the complainant, the respondent, and one Lois Bullen owned, in equal right, as tenants in common, a certain described tract of land; that they agreed among themselves to sell the land at public outcry, to the highest bidder, and to that end the three named parties signed, and caused to be posted, in three public places in and about the town of Red Bay, notices of the intended sale, and which was scheduled to take place on November 26, 1934, "in front of the Bank of Red Bay, in Red Bay, Alabama." It appears that Lois Bullen did not personally sign the notices, but her name was signed to the same by Oather Bullen, her agent.

At the sale, L. Bullen was the highest bidder, "at and for the said sum of $1,000.-00, and the auctioneer sold the property to him at such bid."

Lois Bullen thereupon executed a conveyance to the said purchaser, but Ed Bullen, the respondent, declined to join in the deed. The bill avers that the complainant entered into possession of the land, "and is now in possession thereof, all under his purchase at such sale."

Paragraph 3 of the bill, and Exhibit A thereto, appear in the report of the case.

■ Assignments of errors 3 and 4 must be disregarded. The statute, section 6079, Code, does not authorize an appeal from decrees overruling or sustaining pleas. Worthington v. Morris et ux., 212 Ala. 334, 102 So. 620; State v. Jabeles, 203 Ala. 670, 85 So. 16.

■ In the instant case, the sufficiency of the plea was tested by demurrer, which was not the proper practice. The proper mode of testing the sufficiency of the plea is to set it down for hearing, as pointed out in the case of Glasser, Kuder & Ottensosser v. Meyrovitz, 119 Ala. 152, 24 So. 514. But whether its sufficiency is tested by demurrer, or according to the settled practice in courts of chancery, no appeal from such an interlocutory decree is allowed by statute. Authorities, supra.

In the case of Trammell v. Craddock, 93 Ala. 450, 9 So. 587, it was observed: "It is thoroughly well settled that in counting, either at law or in equity, upon a contract which the statute requires to be in writing, it is unnecessary to allege the fact that it is in writing. The question whether or not it is vitiated by noncompliance with the statute of frauds properly arises on a plea or answer, and the infirmity resulting from the absence of a writing may be availed of on the evidence. Dexter v. Ohlander, 89 Ala. 262, 7 So. 115. Where, however, the bill or complaint avers that the contract is not in writing, the defense may be taken advantage of by demurrer; but the fact must *clearly* and *affirmatively appear* on the face of the bill before this mode of defense can be resorted to. Bromberg v. Heyer, 69 Ala. 22; Phillips v. Adams, 70 Ala. 373; Manning v. Pippen, 86 Ala. 357, 5 So. 572 [11 Am. St. Rep. 46]." (Italics supplied.)

This conclusion results from the fact that a demurrer must be based upon matter apparent on the face of the bill.

■ It appears from the bill that the three named owners procured the services of an auctioneer to make the sale, and it further appears that the auctioneer selected sold the property to the highest bidder; that the complainant was such highest bidder, he bidding therefor $1,000; and that "the

auctioneer sold the property to him (complainant) at such bid." There is nothing in the bill to show whether the auctioneer did or did not make the written memorandum required by section 8035 of the Code. The bill, however, does aver that the auctioneer sold the lands to the complainant; he being the highest bidder.

Nothing appearing in the bill to show that the auctioneer did not make the written memorandum required by section 8035, Code, the question whether or not the sale to the complainant was "vitiated" by noncompliance with the statute of frauds cannot be raised by demurrer, but can only be presented by plea or answer. Dexter v. Ohlander, 89 Ala. 262, 7 So. 115; Trammell v. Craddock, supra; Phillips v. Adams, 70 Ala. 373.

It would, therefore, appear that the bill, *as framed,* contains equity, and that the court properly overruled the respondent's demurrers thereto.

Of course, if the auctioneer failed, in fact, to make the memorandum required by section 8035 of the Code, the contract of sale would fall within the influence of the statute of frauds, and, for that reason, could not be specifically enforced in a court of equity. Code, § 8034, subsec. 5.

We cannot give our assent and approval to the argument of counsel for appellee that the written notices of the contemplated auction sale of the lands constituted a sufficient *agreement, or note or memorandum,* of the sale to comply with the statute of frauds.

These notices were not memoranda of any sale actually made, but only served to give notice to the public of the intention of the parties to offer the property for sale on a designated day, and at a designated place. The authorities cited by appellee to sustain his contention are not in point.

This court has held that the sale of real estate under the power of sale contained in a mortgage, as between the mortgagee and the purchaser, is subject to the statute of frauds. Brown v. Roberson, 214 Ala. 18, 106 So. 181.

In line with the last statement, it was observed by Bouldin, J., in the case of Brown v. Roberson, supra, that:

"There must be a memorandum of the 'property.' This may be by reference to the mortgage for description. Lewis v. Wells, 50 Ala. 198; Robinson v. Garth, 6 Ala. 204, 208, 41 Am. Dec. 47. The memorandum must show the price, the terms of sale, the name of the purchaser, and the name of the person on whose account the sale is made. A failure to show on whose account the sale is made is fatal. Knox v. King, 36 Ala. 367.

"The auctioneer is made agent of both vendor and purchaser, and his entry of their names in the memorandum at any point showing their relation to the sale answers to their signatures, and is sufficient. Adams v. McMillan, 7 Port. 73. But each element named in the statute must appear with reasonable certainty. Carroll v. Powell, 48 Ala. 298; Lewis v. Wells, 50 Ala. [198], 205; Nelson v. Shelby Mfg. & Imp. Co., 96 Ala. 515, 528, 11 So. 695, 38 Am. St. Rep. 116. Being a joint agent, either party may call upon the auctioneer for a memorandum of the sale."

The holding in the above-cited cases furnish some analogy to the case now under consideration.

We note in brief of counsel for appellee the statement that he does not "claim that the auctioneer made a binding memorandum of the sale," but rather rests the equity of his bill upon the previous written agreement to sell the lands at public outcry.

We would not be justified in putting the court below in error on the statement noted above. The court was dealing with the averments of the bill, and the case made thereby, and, in so doing, committed no error in overruling respondent's demurrer.

It follows that the decretal order appealed from will be here affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.