77 So.2d 368

Sallie SIMPSON

v.

J. B. SIMPSON et al.

I Div. 566.

Supreme Court of Alabama.

Jan. 13, 1955.

See, also, 254 Ala. 648, 49 So.2d 314.

Granade & Granade, Chatom, for appellant.

Wm. G. Lindsey, Chatom, for appellees.

MERRILL, Justice.

Appellees filed a bill in equity to which appellant filed a plea in abatement. Appellees demurred to the plea, the court sustained the demurrer and appellant appeals from that decree.

This appeal must be dismissed. The proper mode of testing the sufficiency of a plea in equity is to set it down for hearing. Bullen v. Bullen, 231 Ala. 192, 164 So. 89; Thomas v. State, 241 Ala. 381, 2 So.2d 772. As pointed out in Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 16 So.2d 689 (16), 158 A.L.R. 1266, the rule has been changed from that prevailing under § 2838, Code of 1907. See Forbes v. Summers, 259 Ala. 271, 66 So.2d 762 (8).

The present statute, § 755, Title 7, Code of 1940, does not authorize an appeal from such interlocutory decree on the sufficiency of a plea. Craig v. Craig, 219 Ala. 77, 121 So. 86; Sugar Factories Const. Co. v. Fies, 213 Ala. 556, 105 So. 590(8); Thomas v. State, supra; 171 A.L. R. 1443, note. In view of the fact, however, that the plea in abatement sought to test the jurisdiction of the court and the equity of the bill, we think we might say, with due propriety, that the ruling of the court below as to the equity of the bill finds justification in the following authorities: Lester v. Stroud, 212 Ala. 635, 103 So. 692; Decker v. Decker, 253 Ala. 345, 44 So.2d 435; Purvis v. Ennis, 258 Ala. 174, 61 So.2d 451.

This appeal is dismissed by this court ex mero motu, because the statute does not authorize it, and this court, without authority by statute, cannot take jurisdiction of it. Worthington v. Morris, 212 Ala. 334, 102 So. 620.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.