150 So.2d 385

**Lillian Wilson BOWMAN**

**v.**

**Ralph Martin BOWMAN et al.**

**7 Div. 532.**

Supreme Court of Alabama.

Feb. 21, 1963.

Hinton & Torbert and Rowan S. Bone, Gadsden, for appellant.

Bishop & Morris, Birmingham, and Roberts & Orme, Gadsden, for appellees.

PER CURIAM.

Mrs. Lillian Wilson Bowman, appellant here, filed her bill of complaint in the Equity Division of the Circuit Court of Etowah County, against her former husband, Ralph Martin Bowman, and Bowman Transportation, Inc., a corporation.

She complains in substance that she financed her husband's engagement in the trucking business that culminated in the chartering of respondent Bowman Transportation, Inc.; that due to her illiteracy and ignorance, she was not aware that she was not receiving an equal share of stock in the company; that the only interest she received was one share of stock, with a par value of $100.00, out of 500 shares that were issued. She also averred that she never had any accounting whatsoever as to the activities and profits of the corporate respondent.

The complainant prayed for certain relief incident to the allegations. We will not undertake to delineate the several aspects of this prayer.

Respondents filed a plea of res judicata (in bar), claiming in that complainant, prior to the filing of her complaint in this cause, filed her bill for divorce from respondent Bowman, which was granted; that in said proceeding she prayed for one-half interest in the respondent corporation, alleging that the business had been acquired through the joint efforts of herself and the respondent Bowman. The plea further averred that in the divorce proceeding a final decree was rendered, which included complete and final property settlement. A copy of this alleged decree was attached to the plea as Exhibit "A", but no copy of the bill of complaint for the divorce was attached.

The plea concluded with a prayer that the trial court "will enter an order, judgment or decree allowing said plea as a bar to this action and that the same be dismissed and that the plaintiff be taxed with the costs incurred."

Pursuant to the prayer in the plea, the trial court rendered and entered a final decree as follows:

### "FINAL DECREE

"The foregoing cause being submitted to the court for hearing on the defendants' plea, and the plaintiff and defendants being represented at said hearing by their attorneys of record and upon consideration of the same:

"It is ORDERED, ADJUDGED and DECREED that the said plea is well

taken and that the same is a bar to the plaintiff's suit in this cause and the same is hereby dismissed and the plaintiff is taxed with the costs for which let execution or other process issue."

The record in this cause bears the register's certificate that pages one (1) to seven (7), both inclusive, contain a full and complete transcript of the proceedings had and done in the cause.

The record does not contain a transcription of any testimony, if any, taken or introduced before the trial judge or taken as otherwise provided by law. The final decree does not state that evidence was heard or considered by the court supportive of the decree sustaining the plea and dismissing the cause. Nor does the judgment state that issue was joined on the plea.

■ The affirmative burden of proof to sustain the plea was on the respondents, who filed the plea and asserted it as a bar to the relief complainant seeks. The record here does not show that respondents, to sustain the plea, offered any evidence for the consideration of the court.

Referring to Equity Rule 75, Code 1923, requiring a note of testimony (now Equity Rule 57, Title 7, Appendix, Code 1940), the late Justice Sayre, speaking for the court, in the case of Turner v. Turner, 193 Ala. 424, 431, 432, 69 So. 503, 506, observed as follows:

"* * * The effect of the rule is by reference in the note of testimony to make a record of the evidence in substitution for that afforded by the ancient practice of the chancellors of reciting in their decrees at length the entire pleadings and the substance of the evidence contained in the depositions. (Citation Omitted.) It serves the purpose besides of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving

at the conclusion stated in his decree. And it is the rule of decision in this court on appeal to reverse decrees when the evidence on which they must have been based is not noted as the rule of practice requires. * * *"

We also observed in the case of Conner v. State ex rel. Perry, 211 Ala. 325, 326, 100 So. 474, 475, as follows:

"* * * This rule (Equity Rule 75) applies to all cases tried in the circuit court in equity. The observance of it has been held to be exacting and mandatory. Neither the trial court nor this court on appeal can consider the testimony, when there is no note of testimony in the record, as this rule prescribes. When the trial court renders and enters a decree granting complainant relief, without a note of testimony as required by rule 75, the decree will be reversed by this court on appeal, as there was no testimony properly before either court to sustain the decree. (Citations Omitted.)" (Par. Added.)

Under Equity Rule 57, Title 7, Appendix, Code 1940, as amended by Act No. 347, Acts of 1945, page 563, it is not necessary to note any testimony given orally before the judge in open court under Rule 56.

With respect to Rule 57, supra (prior to amendment), we observed in the case of White v. White, 246 Ala. 507, 509, 21 So.2d 436, 437, as follows:

"* * * The present rule evidently takes into consideration the obvious fact that when witnesses testify orally before the court, such testimony is 'within the breast of the court' and the court is then informed that, as to this testimony, the parties place reliance thereon. Hence so far as the trial court is concerned, when it renders its decree, the testimony need not then be written out and filed. But, when the case gets to the appellate court, the necessity for a record of the evidence is plain, because without a record of the evidence, there would be no evi-

dence susceptible of review. We think it reasonable that the present rule is designed to give aid to the appellate court, which needs the aid. It does not contemplate a futile act and seek to give aid to the trial court, where no aid is needed. * * * "

We are not certain from the record before us whether the evidence in this cause, if any taken, was ore tenus before the trial judge or by deposition as provided by law. The record is silent in this respect.

■ Irrespective of the manner taken, there is no testimony properly before this court, and without this record there is no evidence susceptible of review to sustain the decree which granted affirmative relief to appellee from further prosecution of complainant's suit, followed by its dismissal.

■ While it is not necessary or pertinent to his decision, we call attention to the procedure on a plea in equity as outlined by the late and eminent jurist, Justice Bouldin, speaking for the court in the case of Templeton v. Scruggs, 234 Ala. 146, 174 So. 237 and also the case of Bullen v. Bullen, 231 Ala. 192, 164 So. 89, wherein it was held, as in other cases before this court, that the proper method of testing the legal sufficiency of a plea is to set it down for hearing and not by demurrer. Simpson v. Simpson, 262 Ala. 103, 77 So.2d 368. On a hearing as to the legal sufficiency of a plea in equity, facts averred therein are admitted merely for the purpose of the hearing. Templeton v. Scruggs, supra.

Also, we call attention to the case of Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266[9], wherein we held that with certain exceptions the trial court cannot properly take judicial notice of another suit in his court for the purpose of supplying any evidence pertinent to the suit then being heard or submitted.

The decree in this cause is due to be reversed and remanded because of the state of the record as pointed out above. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.