300 So.2d 828

**Roxie TURNER, a/k/a Roxie Yates alias Roxie Hargrove**

**v.**

**Betty Lee HARGROVE.**

**SC 532.**

Supreme Court of Alabama.

Sept. 12, 1974.

Rehearing Denied Oct. 3, 1974.

Wheeler & Christian, Birmingham, for appellant.

William S. Oliver, Panola, for appellee.

COLEMAN, Justice.

The respondent appeals from a decree granting relief to complainant on a bill seeking to annul or set aside a decree of divorce rendered July 6, 1965.

The bill of complaint is an original bill in the nature of a bill of review. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33. It was filed in Jefferson County on November 8, 1972, by Betty Lee Hargrove as complainant against Roxie Turner as respondent.

Complainant avers that she is a resident of Sumter County; that she and Frank Hargrove were married in the town of Panola in Sumter County on July 17, 1922, and thereafter lived together as husband and wife until August, 1938, at which time Frank Hargrove, without cause, abandoned complainant. Two children were born of their marriage.

Complainant further avers that on April 30, 1965, Frank Hargrove filed a bill of complaint in Jefferson County against Betty Lee Hargrove seeking a divorce from her; that Frank Hargrove made affidavit that the residence and post office address of Betty Lee Hargrove were unknown; that said affidavit was false in that Frank Hargrove well knew that her address was Panola, in Sumter County, Alabama; that an order of publication was made; that no personal service was made on Betty Lee Hargrove; and that, as a result of the fraud of Frank Hargrove, a final decree divorcing Betty Lee Hargrove and Frank Hargrove was rendered July 6, 1965, which decree complainant seeks to impeach in the instant suit.

Complainant further avers that Frank Hargrove and Roxie Turner, the respondent in the instant case, entered into an alleged marriage on November 22, 1968; that Frank Hargrove died May 4, 1972, and that complainant, Betty Lee Hargrove, did not know of the divorce decree of July 6, 1965, until his death.

Complainant avers that respondent, Roxie Turner, "has claimed the estate of Frank Hargrove" and has been granted social security benefits under his account to the exclusion of complainant.

On March 9, 1973, the court rendered the decree appealed from.

The record sets out the following pertinent entries:

## "MINUTE ENTRY

"On March 9, 1973, this cause is submitted for final decree upon pleadings and proof as noted.

---

## "FINAL DECREE

"THIS MATTER, being presented to the Court on the ORIGINAL BILL IN THE NATURE OF BILL FOR REVIEW filed by the Complainant in this cause and the answer of the Respondent hereto, and the parties appearing herein by their respective solicitors of record, William S. Oliver, Attorney, Solicitor for the Complainant, and Demetrius C. Newton, Attorney, Solicitor for the Respondent, and it being made known to the Court by the parties hereto, through their respective solicitors of record, that the averments of said Bill In The Nature Of Bill For Review are true and the relief prayed for therein should be granted.

"It is therefore ORDERED, ADJUDGED AND DECREED by this Court that the testimony of Frank Hargrove, also known as Tom Hargrove, and the said Roxie Turner given in support of his original bill for divorce in the cause styled Frank Hargrove, also known as Tom Hargrove, Complainant, vs. Betty Lee Hargrove, Respondent, Circuit Court Tenth Judicial Circuit of Alabama, Equity Division, No. 138–613, and the affidavit of Frank Hargrove, also known as Tom Hargrove given in support thereof upon which affidavit this Court purported to take jurisdiction of said cause and upon which testimony a purported final decree was issued by this Court be and the same are hereby stricken therefrom and the same held for naught in all respects.

"It is the further order and judgment of this Court that said decree of this Court under date of July 6, 1965 in said cause styled Frank Hargrove, also known as Tom Hargrove, Complainant, vs. Betty Lee Hargrove, Respondent, Circuit Court, Tenth Judicial Circuit of Alabama, Equity Division, No. 138–613 be and the same is hereby set aside and held for naught and all proceedings held for naught, with the personal property consisting of automobile and house furnishings of the said Frank Hargrove, also known as Tom Hargrove, now deceased, to vest in Roxie Turner, the respondent herein.

"The costs of this proceeding are hereby taxed evenly against the Complainant and the Respondent for which let execution issue.

"DONE on this the 9th day of March, 1973.

"Wm. C. Barber

"CIRCUIT JUDGE

"Acknowledged and approved by:

"William S. Oliver

"William S. Oliver, Solicitor for Complainant

"Demetrius C. Newton

"Demetrius C. Newton, Solicitor for Respondent

"Filed in Open Court this 9th day of March 1973"

There is no other testimony or note of testimony in the record.

1.

■ Respondent assigns error as follows:

"That the entry of the final decree by the lower Court is in error and the final decree is not supported by the evidence in that there is no note of the pleading and testimony in the transcript as required by Equity Rule No. 57 and no evidence by which the Supreme Court can review the lower Court's decision. (TR. 12–13)."

In support of this assignment of error, respondent cites Equity Rules 56 and 57 and Bowman v. Bowman, 274 Ala. 498, 150 So.2d 385.

Equity Rule 57 does require a note of submission signed by each party or his attorney of record showing the proof upon which he rests his case, and "nothing not noted . . . shall be considered by the court"; but it is not necessary to note testimony given orally before the judge in open court under Rule 56.

In *Bowman*, the trial court rendered a decree sustaining respondents' plea of res judicata and dismissing the cause. On appeal this court reversed because there was no testimony before this court to support the decree appealed from. The following excerpts are from the opinion:

"The record does not contain a transcription of any testimony, if any, taken or introduced before the trial judge or taken as otherwise provided by law. *The final decree does not state that evidence was heard or considered by the court supportive of the decree sustaining the plea and dismissing the cause.* Nor does the judgment state that issue was joined on the plea.

"The affirmative burden of proof to sustain the plea was on the respondents, who filed the plea and asserted it as a bar to the relief complainant seeks. The record here does not show that respondents, to sustain the plea, offered any evidence for the consideration of the court.

" . . .

"Irrespective of the manner taken, there is no testimony properly before this court, and without this record there is no evidence susceptible of review to sustain the decree which granted affirmative relief to appellee from further prosecution of complainant's suit, followed by its dismissal." (Emphasis Supplied) (274 Ala. at 500, 501, 150 So.2d at 386, 387)

We note that the final decree in the instant case recites " . . . it being made known to the Court by the parties hereto, through their respective solicitors of record, that the averments of said Bill In The Nature Of Bill For Review are true and the relief prayed for therein should be granted." On the premise thus stated the

court then proceeds to state the relief granted.

It is noted that the decree is signed by the trial judge and approved in writing by the signatures of the solicitors for both parties.[1]

This case is different from *Bowman* in that the final decree here does state that the parties made known to the court that the averments of the bill are true. On that premise, the court proceeded to render the decree granting relief.

When both parties make known to the court that the averments of the bill are true, it seems logical to assume that there is no controversy as to the facts. Where all necessary facts are admitted, it would be useless to require the production of testimony.

Respondent does not contend that the facts averred in the bill are insufficient to authorize the relief granted. Since the averments are thus to be regarded as sufficient for granting relief, and the averments are admitted by both parties to be true, the question is did the court err in rendering the decree in the absence of further testimony and a note of testimony.

No case is cited holding that the requirement of a formal note of testimony is jurisdictional. No case is cited holding that a respondent's admission that the facts averred against him are true is not sufficient proof to support a decree based on the averred facts thus admitted.

The decree indicates that it is a decree rendered by consent of the parties acting through their respective counsel. Respondent does not contend that the recitals of the decree are not true, or that the solicitor for respondent lacked authority to acknowledge and approve the decree. The record does not show that respondent made any such contentions in the trial court.

"By Section 46, Title 46, Code of Alabama 1940, an attorney has authority to bind his client, in any action or proceeding, by an agreement in relation to said cause, *made in writing,* or by entry made on the minutes of the court." Maddox v. Hunt, 281 Ala. 335, 343, 202 So.2d 543, 549.

In Schoenith, Inc. v. Forrester, 260 Ala. 271, 69 So.2d 454, before the taking of testimony began, it was stipulated in open court that the automobile being operated by the defendant Floyd was the property of the defendant Shoenith, Inc.

This court said:

"The admission by Schoenith, Inc., that it was the owner of the automobile driven by Floyd was tantamount to proof of that fact by plaintiff. Cox v. Roberts, supra (248 Ala. 372, 27 So.2d 617)." (260 Ala. at 274, 69 So.2d at 457)

In that instant case, the act of respondent's counsel in making known to the court that the averments of the bill were true was tantamount to proof of the facts averred in the bill.

█ Since the decree shows that it is based on facts made known to the court by both parties to be true, and both counsel acknowledged and approved the decree in writing, we are of opinion that the decree is not erroneous for lack of testimony or for lack of a note of testimony.

2.

Appellant asserts that the court erred in rendering the final decree because there is no party to the instant suit representing the estate or interests of the deceased husband who was the only complainant in the suit in which the decree under attack was rendered.

█ All persons interested in a suit in equity, whose rights will be directly affect-

1. Attorney for Respondent on this appeal is not the attorney who represented Respondent in the trial court.

ed by the decree, must be made parties unless too numerous or beyond the reach of process. Webster v. Talley, 251 Ala. 336, 338, 37 So.2d 190.

The question here presented is whether or not the personal representative of a deceased husband, or an administrator ad litem appointed under § 165 of Title 61 of the Code, is a necessary party to a suit brought by the first wife, after the husband's death, against the second wife to annul a divorce decree rendered in a suit by the husband against the first wife during his life, the purpose of the annulment suit being to establish that the first wife and not the second is his widow.

The question was answered in the negative in Vaughan v. Vaughan, 258 Ala. 336, 62 So.2d 466. In *Vaughan,* a divorce decree had been rendered January 11, 1947, in a suit by the husband against the first wife. He allegedly married the second wife on January 18, 1947.

On April 8, 1947, the first wife filed a bill in the nature of a bill of review against the husband seeking to vacate the decree of January 11, 1947, for fraud in the procurement of that decree. Prior to his death, the husband appeared in the cause and demurred to the bill and to amendments thereto. He died April 7, 1949.

On October 26, 1949, the first wife amended her bill by making the second wife a party respondent. In the said amendment, the death of the husband was not shown and the amendment did not pray for an order substituting the second wife for the deceased husband.

A decree pro confesso was rendered against the second wife but, on her motion, was subsequently set aside by the trial court.

On July 26, 1950 the trial court overruled the second wife's demurrer to the amended bill, and, on August 23, 1950, the second wife filed answer denying the averments of the bill.

The trial court subsequently made an order reciting that the husband had left a will which had been admitted to probate, whereby the first wife was named and qualified as executrix, and, therefore, it was necessary to appoint an administrator ad litem to represent the estate of the husband. On April 15, 1952, the trial court appointed an administrator ad litem and made an order substituting him as a party respondent in lieu of the husband.

The order of substitution was made more than twelve months after the death of the husband, and, on the day the order was made, the second wife moved the court to dismiss the bill on the ground that twelve months had elapsed after the death of the husband and there had been no revivor as required by Equity Rule 35.

The trial court denied the second wife's motion to dismiss. This court held that the second wife and the administrator ad litem had waived the failure to make an order within twelve months substituting a successor for the husband as respondent.

This court then considered whether there was a justiciable controversy as to the husband's marital status when he died. This court said that if no question is involved except the marital status, the court will not revive and continue a divorce suit pending at the death of a party, but, if a suit is for the purpose of ascertaining a party's marital status at the time of his death, not to change it, and such ascertainment is necessary to determine property rights or legitimacy of some person, the court will entertain the suit to annul a decree of divorce for fraud, whether the suit is pending at the time of the person's death or not.

This court said that the first wife was seeking to be restored to her status as wife when the husband died so that the second wife would not be in position as his

widow to dissent from the husband's will or otherwise obtain a widow's rights, and that such a suit is sustained after the death of the husband whether it was begun before he died or not. This court concluded that there was a justiciable controversy for which the suit may be revived and pursued.

This court then proceeded to consider who should be substituted in reviving a suit in equity on the death of a party. This court observed that in Webster v. Talley, 251 Ala. 336, 37 So.2d 190, the court had said that if the judgment sought is to affect both personal and real estate, the suit should be revived against both personal representative and heirs and: " . . . That refers to its (the suit's) effect on the quantum of the estate, not on who shall succeed to the estate's ownership." (Par. Supplied) (258 Ala. at 342, 62 So.2d at 471) This court said:

"Decedent in the instant case left surviving four children by his first wife. None are shown by the second wife. His will devises one-half of his property to his first wife and one-half to his four children. His children are not made parties. The real controversy is between the two alleged wives to determine which one of them may dissent from or take under the will, or otherwise take a widow's share. The personal representative has no interest in that controversy. The estate does not stand to gain or lose by the result of that controversy.

"The appointment of an administrator ad litem is provided for in section 165, Title 61, Code, and it is required when the estate of decedent must be represented and there is no executor or administrator or he is adversely interested.

"We think the interest of the estate is not such as to require personal represen-tation, Ex parte Riley, 247 Ala. 242, 23 So.2d 592; and that appellant (the second wife) is such successor to deceased as to be the proper one to represent his interest in this suit, and to protect her personal rights." (Par. Supplied) (258 Ala. at 342, 62 So.2d at 471)

The decision in *Vaughn* has been cited as authority for the following proposition:

"It has been held that where the first wife seeks to set aside a divorce after the death of the husband, for the purpose of establishing that she, and not the second wife of the decedent, is his widow, the estate of the decedent is not interested to the extent that the personal representative of the deceased must be made a party. . . ." 24 Am.Jur.2d, page 597, Divorce and Separation, § 473.

In the instant case, the controversy is between the two wives. Each desires to establish her position as the lawful widow of the husband so that she may claim the rights of a widow in any estate left by the husband and the right to social security benefits as his widow. The estate of the husband will not be increased or diminished in any event by a decision establishing either wife as the lawful widow. In *Vaughan,* the second wife is said to be "the proper one to represent" the husband's interest in a suit to amend the prior divorce decree.

The result is that the estate of the husband is not a necessary party to the instant suit and appellant's insistence to the contrary is not sustained.

Error not being shown the decree appealed from is affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, McCALL, and JONES, JJ., concur.